JAMES H. FOSTER *et al.*

*v.*

PHINEAS SMITH.

1. Where the contract of sale of goods delivered to the vendee, is rescinded by agreement between the parties, the vendor can not afterward recover in an action for the price of the goods.

14 — 56TH ILL.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

This action was brought by Smith against Foster and others, to recover the price of a quantity of skates, alleged to have been sold and delivered to the defendants. The defendants contend there was never an absolute sale of the goods to them; that the firm of Barney & Berry, manufacturers of skates, at Springfield, Massachusetts, having claimed that the skate sold by the plaintiff was an infringement on their patent, the sale was made on condition the plaintiff would give to the defendants a satisfactory bond guaranteeing them from loss by reason of such claim, which the plaintiff failed to do. And that, even if there was a sale, the contract was afterward rescinded and the defendants released therefrom.

Mr. D. J. SCHUYLER and Mr. D. P. WILDER, for the appellants.

Messrs. BARBER & LACKNER, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee against appellants, to recover the price of a quantity of skates, alleged to have been sold and delivered to appellants. The declaration contained the common counts, and the only plea was the general issue.

The case was submitted to the court without the intervention of a jury, and the finding was for appellee.

The only assignment of error which we shall notice is, that the finding was against the law and the evidence.

We do not deem it necessary to recite in detail or comment on the evidence as to the sale; for, even if there was originally an absolute sale, we are of opinion that there was afterward a rescission of the contract of sale, assented to by both parties.

The last of the skates were received by appellants on the 30th of October, 1868. It was claimed that the skate of appellee was an infringement on the patent of Barney & Berry, of Springfield, Massachusetts; and on the 21st of November they served a written notice on appellants, forbidding them to buy, sell or use the skates in controversy, under the penalty of the law. On the 23d of November appellants forwarded the notice to appellee, in New York, and concluded their letter with the following language : "We, therefore, hold the skates shipped to us by you subject to your order and our charges." In reply, appellee, in a letter of date December 1, stated that he would not give any bond guaranteeing against loss by purchase of the skates, except the bond of himself and Messrs. E. H. & J. H. Dawson, and concluded as follows: "If, on the above conclusion, you do not desire to keep the goods, please inform me by return mail, and I will send an order and take them away." To this appellants replied, on the 5th of December : "We have to-day been served with a notice of garnishee in the case of *Ideson* v. *Smith*, in the superior court. With the exception of what the above may order to the contrary, the skates are subject to your order, as we positively decline having any thing whatever to do with them."

With this letter the correspondence closed, and the skates were boxed and put away in the store of appellants, subject to the order of appellee.

We think the evidence conclusively discloses a rescission of the contract of sale by the mutual consent of the parties. There was apprehension in regard to the title to the property. The purchaser feared trouble and loss, and though a bond of indemnity was proffered, it was not satisfactory. The seller then proposed to take back the goods, and this was assented to by the buyer, and the skates were boxed up and stored away, subject to the order of appellee and the demands of the law.

The judgment must be reversed, and the cause is remanded.

*Judgment reversed.*