STATE OF MONTANA, EX REL. GUY STAPLETON, RE-LATOR, *v.* MELVIN L. WINES AND EDWIN S. BOOTH, RESPONDENTS.

[Decided Oct. 3, 1898.]

In proceedings for the disbarment of an attorney, the evidence to sustain the charges preferred should be of such a character that it satisfied the court to a reasonable certainty that the charges are true.

Petition by the state on the relation of Guy Stapleton, for disbarment, against Melvin L. Wines and Edwin S. Booth. Dismissed.

*C. B. Nolan*, for Relator.

*Wm. Scallon*, for Respondents.

PER CURIAM. In the above-entitled proceeding the county attorney of Silver Bow county charges Melvin L. Wines and

Edwin S. Booth, attorneys at law, with unprofessional conduct. The substance of the specific allegations is that they entered into a conspiracy with other persons to procure and have admitted in evidence in a criminal case pending in the district court of said county certain false and perjured testimony on the part of the defendant in said criminal case, they being at the time the counsel for said defendant. Upon the filing of the affidavit of the county attorney containing the charges of unprofessional conduct in this court, we appointed Hon. A. J. Campbell, one of the most prominent and respected members of the bar of the state, referee to take the testimony and report his findings of fact and conclusions of law in the case.

The report of the referee, now on file, after stating that he proceeded to the hearing in the case in the presence of Attorney General Nolan, Guy W. Stapleton, county attorney, representing the relator, and William Scallon, Esq., John W. Cotter, Esq., and Frank E. Corbett, Esq., for the respondents, is as follows: ''The effect of the disbarment of attorneys practically means their complete ruin, and, before they should be disbarred, the evidence to sustain the charges should be of such a character that it satisfies the court to a reasonable certainty that the charges are true.

''Witnesses were produced, who testified that the respondents had committed the acts complained of. After observing their manner upon the witness stand, hearing their many contradictions, together with the fact that in some instances their evidence upon material points was shown to be untrue by the records in the case of the state against Shafer, and it appearing that the witnesses must have known such statements to be untrue when they were made, and their evidence upon other material matters being contradicted by reliable and credible witnesses, I am unable to believe their statements. I therefore find that the respondents did not commit the acts complained of in the petition, and recommend that the proceedings be dismissed.''

The evidence taken in the case accompanies the report.

Counsel for Wines and Booth have filed their motion asking the court to adopt the findings and conclusions of the referee. The attorney general does not resist this motion, but admits that the findings of fact and recommendations of the referee are supported and authorized by the evidence. It is therefore conceded that the testimony of the witnesses supporting the charges is so unworthy of belief as not to authorize a judgment of disbarment in this case.

We agree with the referee as to the consequences of the disbarment of an attorney, as well as with the view that before a judgment of disbarment should be entered, "the evidence to sustain the charges should be of such a character that it satisfies the court to a reasonable certainty that the charges are true." In this case we feel no other disposition than to adopt the findings and recommendations of the referee, who has, in our judgment, so faithfully and ably performed the delicate duties of his office.

The findings and conclusions of the referee are adopted, and this proceeding is ordered dismissed.

*Dismissed.*