THE HON. WILLIAM L. HOLLOWAY, ⎫
THE HON. HENRY C. SMITH, ⎭ Associate Justices.

## IN RE PARSONS ET AL.

(No. 2,370.)

(Submitted May 25, 1907. Decided June 4, 1907.)

[90 Pac. 163.]

*Attorneys — Disbarment — Evidence — Insufficiency — Presumptions.*

Attorneys—Disbarment—Evidence—Insufficiency. ·
    1. To warrant disbarment, the evidence adduced to sustain a charge of unprofessional conduct on the part of attorneys should be of such a character as to satisfy the court to a reasonable certainty that the accusation is true.

Same—Presumptions.
    2. Attorneys, charged with professional misconduct, are presumed to be innocent of the charges preferred, and to have properly performed their duties as officers of the court in accordance with their oaths, until the contrary is shown.

Same—Evidence—Insufficiency.
    3. Where, in a disbarment proceeding, after discarding the testimony of the principal witness,—a detective who went into the office of the accused attorneys, under the guise of a student, for the confessed purpose of spying upon their actions,—whose statements clearly disclosed a conspiracy to bring about the disbarment of the accused, and whose acts as narrated by himself were of such a character as to make his testimony unworthy of belief, nothing remained in the record to show

(478)

unprofessional conduct on the part of the attorneys, the report of the referee recommending dismissal of the proceeding will be adopted.

Same—Evidence—Insufficiency.

4.  While the record in the disbarment proceeding, mentioned above, disclosed that certain persons had attempted to defraud the accuser, it was devoid of evidence showing that the accused had any knowledge of the transaction until after it took place, or that, after the accused appeared as counsel for the parties at fault, any guilty knowledge which they may have had, had ever been communicated to their attorneys by them, and was therefore insufficient to overcome the presumption of innocence attending an attorney charged with unprofessional conduct.

PETITION, on relation of W. H. Smead, for disbarment of H. H. Parsons and S. G. Murray. Dismissed.

*Mr. C. B. Nolan,* for Accuser.

*Mr. John B. Clayberg, Messrs. Wallace & Donnelly, Mr. Edward Horsky, Messrs. Joyce & Mulroney, Messrs. Hall & Patterson, Mr. W. P. Smith, Mr. Frank H. Woody, Mr. Charles E. Avery, Mr. R. Lee McCulloch, Mr. John N. Booth,* and *Mr. Wm. H. Gallagher,* for Accused.

Mr. JUSTICE SMITH delivered the opinion of the court.

On October 8, 1906, W. H. Smead, of Missoula, filed in this court a petition for the disbarment of the above-named respondents, who are attorneys at law practicing in this state. The petition recites that the accused have been guilty of subornation of perjury, attempted subornation of perjury, and conspiracy. The substance of the allegations is as follows: That on or about the first day of May, 1905, the W. H. Smead Company, for a valuable consideration, purchased of one Jeanette M. Vandervoort a certain promissory note for $1,000, secured by a mortgage on real property in the city of Missoula. The note and mortgage were made and executed by one Ada H. Jones, who afterward married E. H. Payne. That there was no written assignment of the mortgage securing said note, and thereafter, for the purpose of defrauding the Smead Company, the accused attorneys induced Mrs. Vandervoort, who at that time had no interest in either, to go to the county recorder's

office and release the mortgage; that thereupon the accused advised Mrs. Payne to transfer said property to one J. W. Kennedy, a pretended innocent purchaser, which she did; that on the fourth day of January, 1906, the Smead Company filed a complaint in the district court at Missoula for the purpose of obtaining a decree annulling the satisfaction of the mortgage aforesaid; whereupon Mrs. Payne, by the advice of Parsons and Murray, filed an answer to the complaint, duly verified by her, in which she denied all of the allegations therein, including the allegation as to the execution and delivery of the $1,000 note and mortgage, which denials were false, to the knowledge of the accused; that thereafter an amended complaint was filed in said cause, to which J. W. Kennedy was made a party, and the accused attorneys caused Kennedy to file a verified answer, in which he alleged that he purchased the property from Mrs. Payne for a valuable consideration, without any knowledge or notice of the mortgage, and in good faith; that thereafter the Smead Company took the depositions of Ada H. Payne, E. H. Payne, her husband, and J. W. Kennedy, before a notary public in the city of Missoula, which depositions were duly taken, and the witnesses sworn to tell the truth, the whole truth, and nothing but the truth, and the said Parsons and Murray thereupon caused the said witnesses to testify willfully falsely regarding material matters at issue in said cause; that thereafter Parsons and Murray induced one W. A. Dunn, who had some knowledge of said pretended transfer, to leave the state of Montana, so that he would not be amenable to the process of the court; and that in all of said actions the said H. H. Parsons and S. G. Murray were acting in a professional capacity as attorneys at law.

After issue joined this court made an order appointing Josiah Shull, Esq., a member of the bar residing at Missoula, to hear the evidence and report the same to the court, together with findings of fact thereon and conclusions of law. On the ninth day of May, 1907, Mr. Shull filed his report, in which he finds the accused not guilty of the charges contained in said petition

and advises dismissal thereof. Upon the filing of the report the attorneys for the respondents moved for its ratification and adoption, to which counsel for W. H. Smead has objected, and the matter was argued orally before the court.

In the disbarment case of *State ex rel. Stapleton* v. *Wines et al.*, 21 Mont. 464, 54 Pac. 562, the referee reported to this court recommending a dismissal of the charges preferred, with the following statement: "The effect of the disbarment of attorneys practically means their complete ruin, and, before they should be disbarred, the evidence to sustain the charges should be of such a character that it satisfies the court to a reasonable certainty that the charges are true." The court approved the sentiments expressed by the referee, with the added statement: "We feel no other disposition than to adopt the findings and recommendations of the referee."

In this matter we have laboriously gone through the eight hundred and eighty-three typewritten pages of testimony, because we have felt it our duty to give the case a thorough examination. The principal witness for the relator was a so-called detective, who went into Parsons' law office, in the guise of a student, for the confessed purpose of spying upon his movements and becoming acquainted with his affairs. The acts of this witness, as narrated by himself, are so devoid of decency, so utterly repugnant to all notions of how an honorable man should conduct himself; his confessions and admissions while on the witness-stand disclosed a conspiracy to get these attorneys disbarred, so premeditated and definite in its scope and purpose, that we have entirely discarded his testimony.

There is but one allegation of the petition that is substantiated, and that is that some person or persons attempted to defraud the W. H. Smead Company of its money by inducing Mrs. Vandervoort to compel the mortgage of record. There is no evidence whatsoever that the accused had any knowledge of the transaction until after this act was done. Thereafter they appeared as counsel for the Paynes and Kennedy, but there is no proof that any guilty knowledge these persons may have had

was ever communicated to their attorneys. They are presumed to be innocent of the charges preferred, and presumed to have properly performed their duties as officers of the court in accordance with their oaths.

Eliminating from the record the testimony of the witness we have referred to, there is nothing to show professional misconduct on the part of the accused, and we therefore adopt the report of the referee. He saw the witnesses and was enabled to judge from their appearance and demeanor what credit should be given to their testimony.

The proceedings are dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.