---

## IN RE RYAN.

(No. 3,193.)

(Submitted October 19, 1912.  Decided October 30, 1912.)

[127 Pac. 904.]

*Attorneys—Disbarment—Evidence—Insufficiency — Referees — Findings—Conclusiveness.*

Attorneys—Disbarment—Evidence—Insufficiency.
1.  Evidence, though showing conduct highly censurable from a moral or ethical standpoint, *held* insufficient to warrant the disbarment of an attorney on charges of malpractice in his profession and crimes involving moral turpitude.

Same—Referee—Findings—Conclusiveness.
2.  The rule that the supreme court will not interfere with findings of the district court based upon conflicting evidence applies in the case of findings made by a referee appointed to take the testimony in a disbarment proceeding and make and report findings of fact and conclusions of law.

Proceedings to disbar David J. Ryan, instituted by R. M. Hattersley, who excepts to the report of the referee recommending their dismissal.  Report adopted.

Cause submitted on briefs of counsel.

*Messrs. Ferguson & Gray,* and *Mr. C. B. Nolan,* for Accuser. *Mr. R. M. Hattersley, pro se.*

*Mr. C. A. Spaulding.* for Accused.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This proceeding was instituted by R. M. Hattersley, who filed in this court written accusations charging David J. Ryan, a member of the bar, with malpractice in his profession, and with crimes involving moral turpitude. A referee was appointed, who conducted a hearing, took the testimony, reported the same in full, and has returned his findings, with the recommendation that the proceedings be dismissed. Exceptions to the findings have been taken, and the matter is submitted for final determination.

The accusation embraces six separate charges, and the referee [1] finds that the evidence is insufficient to sustain any of them. Counsel for the accuser concedes that as to five of the six charges the referee's findings are correct, but insists that as to the first charge made the evidence is sufficient to warrant a finding that the accused is guilty. The charge referred to alleges that in an action pending in a justice of the peace court in Teton county the accused signed the names J. B. Campbell and C. S. Mains to an undertaking on appeal; that such names were fictitious; and that the accused falsely stated in the jurat that the said J. B. Campbell and C. S. Mains subscribed their names to the instrument before him and swore to the contents of the statutory affidavit attached to the undertaking.

No useful purpose would be served in reviewing the evidence in detail. Upon the hearing it was admitted that the accused did not sign the name C. S. Mains to the undertaking; and it is urged by the accused that the preponderance of the testimony is in favor of his contention that he did not sign the name J. B. Campbell. It is sufficient for us to say that the evidence in support of the charge is not clear and convincing. The evidence offered by the accuser that the names Campbell and Mains were fictitious is entirely circumstantial and of a negative character; while the accused testified positively that his client brought before him two bondsmen—men unknown to accused—one of whom signed the name J. B. Campbell and the other C. S. Mains, and

that, being made acquainted with the contents of the undertaking, each signed it and made the statutory affidavit. On the whole, there is an irreconcilable conflict in the testimony; but the utmost that can be said of it is that it indicates that the accused was guilty of conduct highly censurable from a moral or ethical standpoint concerning a matter, however, not comprehended within any of the charges made, and not constituting malpractice in his profession, or a crime. The record discloses the bitter animosities existing between the accused and other members of the Teton county bar, and as well some of the neighborhood hostility in the town of Conrad, where the accused and accuser reside. The position occupied by the referee was one [2] much more advantageous than that of the members of this court. He saw the witnesses on the stand, heard them testify, observed their demeanor, and was therefore much better qualified to give the testimony of each the weight to which it is entitled. With his conclusion we shall not interfere.

The exceptions to the report are overruled, the report is adopted, and the proceeding is dismissed.

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE SMITH, being absent, takes no part in the foregoing decision.