RYAN, APPELLANT, *v.* JOHNSON ET AL., RESPONDENTS.

(No. 3,597.)

(Submitted February 14, 1916. Decided March 2, 1916.)

[155 Pac. 971.]

*Malicious Prosecution—Want of Probable Cause—Failure to Establish—Nonsuit.*

1. In an action by an attorney for malicious prosecution in instituting and carrying on a proceeding for his disbarment, a nonsuit was properly granted for failure of plaintiff to show want of probable cause, without the establishment of which element plaintiff in such an action cannot prevail.

[As to probable cause as defense in action for malicious prosecution, see note in 93 Am. St. Rep. 458.]

*Appeal from District Court, Teton County; J. B. Leslie, Judge.*

ACTION by David J. Ryan against A. D. Johnson and others. From a judgment of nonsuit and an order denying a new trial, plaintiff appeals. Affirmed.

*Mr. David J. Ryan,* submitted a brief in his own behalf; *Mr. C. A. Spaulding,* of Counsel, argued the cause orally.

*Messrs. Walsh, Nolan & Scallon* and *Mr. R. M. Hattersley,* for Respondents, submitted a brief; *Mr. C. B. Nolan,* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1912 charges of unprofessional conduct were preferred against David J. Ryan, a member of the Bar of this state. He was tried and acquitted (*In re Ryan,* 46 Mont. 289, 127 Pac. 904), and thereafter commenced this action to recover damages against the persons whom he held responsible, charging them with malicious prosecution in instituting and carrying on the disbarment proceedings. The trial court granted a nonsuit, and from the judgment entered thereon and from an order denying him a new trial, plaintiff appealed.

In *Stephens* v. *Conley,* 48 Mont. 352, Ann. Cas. 1915D, 958, [1] 138 Pac. 189, we held that to make out a *prima facie* case of malicious prosecution the plaintiff must allege and prove: "(a) That a judicial proceeding was commenced and prosecuted against him; (b) that the defendant was responsible for instigating, prosecuting or continuing such proceeding; (c) that there was a want of probable cause for defendant's act or acts; (d) that he was actuated by malice; (e) that the proceeding terminated favorably to plaintiff; and (f) that plaintiff suffered damage, with the amount thereof." Plaintiff in this instance did not meet those requirements. His evidence fails altogether to disclose want of probable cause on the part of the defendants in prosecuting the disbarment proceedings. No useful purpose could be served in making even a brief summary of the testimony. We have considered it carefully, and are certain the learned trial judge was correct in his ruling.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.