## In re REILY.

No. 9222—Opinion Filed July 29, 1919.

(Syllabus by the Court.)

1. **Attorney and Client — Disbarment — Report of Referee—Conclusiveness.**

A referee in a disbarment proceeding is an officer of the court, and the court has full authority to supervise and control his report by setting it aside, or confirming or modifying it as the facts and the law require

2. **Same—Presumptions.**

The report of a referee appointed to take evidence and report his findings of fact and conclusions of law in a disbarment proceeding is not conclusive as to either the findings of fact or the conclusions of law, but is accorded every reasonable presumption of being correct. The burden is on the party attacking it, but it is to be freely set aside by the court if found to be incorrect.

3. **Same—Burden of Proof.**

In a proceeding to disbar an attorney at law, such attorney is presumed to be innocent of the charges preferred and to have performed his duty as an officer of the court in accordance with his oath, and the evidence in support of the charges must satisfy the court to a reasonable certainty that the charges are true and warrant a judgment of disbarment.

4. **Same—Grounds for Disbarment.**

The law does not demand that every technical infraction of the law by an attorney shall require his disbarment, although an attorney should endeavor to observe literally the law, but it is those infractions of duty that involve moral turpitude and evince a depraved character, that render such attorney untrustworthy and are a reflection upon the bar and the court, as an officer thereof, that demand his disbarment.

5. **Same—Sufficiency of Evidence.**

Evidence examined, and held, not sufficient to warrant disbarment of respondent.

In the matter of the disbarment of F. H. Reily.

Jas. R. Tolbert, referee.

Referee's report set aside and proceeding dismissed.

W. S. Pendleton, relator.

Frank Dale, prosecutor.

S. W. Hayes and E. R. Hastings, for respondent.

OWEN, C. J. This is an original action brought on motion of the Bar Commission based on charges filed by W. S. Pendleton, hereinafter referred to as relator, for disbarment of F. H. Reily, a member of the bar of Pottawatomie county. Honorable James R. Tolbert of Hobart was appointed referee to take testimony and report his findings of fact and conclusions of law. He reported specific findings as to three counts of the charges, together with his conclusion, recommending disbarment of respondent. To this report exceptions were filed.

Respondent was attorney for one Harriet Nichols Cook, of New Jersey, claimed to be sole heir at law of Enos Nichols, deceased, who died in Pottawatomie county in December, 1911. He was employed as associate counsel under the direction of J. Warren Davis of New Jersey. Harriet Nichols Cook died and J. Warren Davis was appointed executor of her estate, respondent continuing under his direction to represent the estate as a beneficiary of the Enos Nichols estate. Prior to her death respondent secured a loan of $5,000 for her, guaranteeing payment himself by separate instrument. Lydick and Eggerman, attorneys of Shawnee, held an assignment from Harriet Nichols Cook of $30,000 of her interest in the Enos Nichols estate, claiming that amount as attorney's

fees. Respondent brought suit to cancel this assignment. A compromise was effected by the terms of which Lydick & Eggerman were to receive $15,000. But by agreement judgment was entered in their favor for $20,000, and $5,000 of this amount was paid to respondent, for which he gave receipt in the name of Harriet Nichols Cook estate by himself as attorney. The transaction was at the time unknown to the executor, but when explained to him a few days later was entirely satisfactory and ratified. Respondent deposited this $5,000 to his own account and retained same with the consent of his client until September, 1917, when he returned the money to the executor. In explanation of this transaction respondent shows the money was secured to protect him on his guaranty of the $5,000 loan of Harriet Nichols Cook, and his client agreed he might keep the money until he had been relieved of this personal obligation. The uncontradicted evidence shows he returned the money when the first demand was made. The referee found that respondent wrongfully converted the $5,000 to his own use with the attempt to deprive the estate of same, and was, therefore guilty of the crime of embezzlement. We do not approve the method used by respondent in obtaining this money, and we are not unmindful that irregularities of this character sometimes lead to grave consequences. Yet we do not find that the transaction, as explained by the respondent, shows any intent on his part to defraud or that the estate was to any extent defrauded.

The second count alleges fraud and irregularities in the collection of an expense account of $1,835 from the administrator of Enos Nichols estate and made a charge against the estate of Harriet Nichols Cook. This account was for money advanced by respondent for court costs and expense of taking depositions in various parts of the United States, representing the Harriet Nichols Cook estate. The account was submitted to James Mercer Davis, attorney for J. Warren Davis, who approved the same, and his action was later ratified by J. Warren Davis as executor. It does not appear the account was either itemized or sworn to, but the amount was recognized as correct, and was paid as a proper claim against the estate of Harriet Nichols Cook as an advancement out of the Nichols estate. Respondent later prepared the report for the executor, which was filed with the county court of Pottawatomie county, showing the expenditures of this $1,835 item.

The referee found that respondent acted arbitrarily and had been grossly negligent and guilty of conduct unbecoming a lawyer in this transaction, although not prompted by a bad or criminal motive. There was no question as to the correctness of the account, and while good business methods and that degree of care due the handling of accounts by lawyers for their clients would require the account to be itemized and verified, the evidence is not sufficient to warrant disbarment.

The third count alleges, in substance, that respondent entered into a conspiracy with E. E. Hood, an attorney of Shawnee, to employ a number of attorneys of that county, and by paying them a retaining fee disqualify them in an election of special judge to preside in the hearing of the probate of the will of Enos Nichols, and thereby thwarting the administration of justice. The referee found that respondent, acting with his associate counsel, had the administrator pay out the sum of $390, to eight different lawyers, with the express purpose and intent to disqualify them in participating in the election of the special judge, and that he was thereby guilty of an attempt to pollute the administration of the law. It appears Hood represented some of the same interests represented by respondent, but was not employed as an associate counsel with respondent. His employment was by J. Warren Davis and he reported directly to him and to one Farrington, who represented some of the heirs of Harriet Nichols Cook residing at Springfield, Missouri. Hood suggested to respondent the necessity of retaining additional attorneys to assist in such matters as might arise in connection with the Harriet Nichols Cook estate. The probate of the proffered will was being bitterly contested. A large number of lawyers had been employed by the interests adverse to those of the Harriet Nichols Cook estate. Depositions were being taken in various parts of the United States, necessitating the absence of respondent from Shawnee much of the time. Lawyers were retained and paid by Hood, totaling $390, and this amount was allowed by the administrator on the advice of respondent. But the attorneys retained were not shown to have been unfriendly to respondent, or to the interests he represented, and there is no evidence indicating they would have voted adverse to his interests. A special judge suggested by opposing litigants, was elected and rendered a judgment adverse to respondent and his clients.

The remaining count, including a charge that respondent had prevented relator from obtaining an attorney's fee in a case in

which it was alleged he was co-counsel with relator, was found by the referee not to be supported by sufficient evidence to justify a recommendation for disbarment.

We have read the report of the referee and transcript of the testimony with care, and while we give due regard to his findings and conclusions, both because of his office and his very high standing and recognized ability as a lawyer, we are unable to agree with his findings or approve his conclusions.

The referee in a disbarment proceeding is an officer of the court, and the court has full authority to supervise and control his report by setting it aside, or confirming or modifying it as the facts and the law require. 23 R. C. L. 300; Krapp v. Aderholt, 42 Kan. 247, 21 Pac. 1063. The rule to be applied in considering the report was stated in Town of Grove v. Haskell, 31 Okla. 77-79, 116 Pac. 805, as follows:

"The report of the referee appointed to take the evidence and report the same to this court with his findings of fact and conclusions of law would not be conclusive on either. It should and would be accorded every reasonable presumption of being correct, with the burden on the party attacking it, but to be freely set aside by the court if found to be incorrect."

The serious consequences of disbarment should follow only where there is a clear preponderance of evidence against the respondent. In such proceeding the attorney sought to be disbarred is presumed to be innocent of the charges preferred, and to have performed his duty as an officer of the court in accordance with his oath, and the evidence in support of the charges must satisfy the court to a reasonable certainty that the charges are true and warrant a judgment of disbarment. In re Sitton, 72 Oklahoma, 177 Pac. 555; In re Persons, 35 Mont. 478, 90 Pac. 163; People ex rel. v. Thornton, 228 Ill. 42, 81 N. E. 793; In re Newby, 82 Neb. 235, 117 N. W. 691. In the case of Shufeldt v. Barker, 56 Ill. 209, it was said:

"A charge so grave in its character and so fatal in its consequences ought certainly to be proved by what the law denominates a clear prepondance of the evidence."

This language was quoted with approval in the case of State ex rel. Williams v. Sullivan, 35 Okla. 745, 131 Pac. 703.

The law does not demand that very technical infraction of the law by an attorney shall require his disbarment, although an attorney should endeavor to observe literally the law; but it is those infractions of

duty by an attorney that involve moral turpitude and evince a depraved character, rendering such attorney untrustworthy and a reflection upon the bar and the court, as an officer thereof, that demand his disbarment. The evidence in this case, as we view it, fails to prove by sufficient preponderance that respondent has been guilty of such conduct. Therefore the findings and conclusions of the referee will be set aside and the proceeding dismissed.

KANE, SHARP, HARRISON, JOHNSON, and McNEILL, JJ., concur; PITCHFORD, J., dissents; RAINEY and HIGGINS, JJ., not participating.