IN RE GRIGGS.

(No. 5,778.)

(Submitted October 19, 1925. Decided October 27, 1925.)

[240 Pac. 820.]

*Attorneys—Disbarment—Findings of Referee—When Conclusive.*

1. Where the findings of the referee in a disbarment proceeding, to the effect that the accused attorney did not commit the subornations of perjury specified in the accusation, are supported by substan-

tial testimony, they will not be disturbed by the supreme court sitting in review, he by reason of having seen the witnesses and observed their demeanor having been better qualified to give to their testimony the weight to which it was entitled than are the justices of the court.

Proceeding for disbarment of Victor R. Griggs, attorney and counselor at law. Proceeding dismissed.

*Mr. A. F. Lamey,* for the State, argued the cause orally.

*Messrs. Spaulding & O'Connell,* for Accused; *Mr. C. A. Spaulding* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

By this proceeding disbarment of Victor R. Griggs, Esq., an attorney and counselor of this court, is sought upon the ground that he has been guilty of the several deceits, malpractices and crimes involving moral turpitude, which are set forth at length in the complaint. There are four specifications. The purport of the first specification is that one Moore had been informed against in the district court of Hill county for the crime of unlawfully possessing intoxicating liquors and maintaining a common nuisance; accused was Moore's attorney in that action, and willfully, knowingly and feloniously induced and procured one Robinson, a witness for Moore, to commit perjury at the trial. The second specification is like unto the first, save that the witness was one Crites. The third specification has to do with *State* v. *Reed,* Reed having been charged by information filed in the district court of Blaine county with the crime of unlawful possession, unlawful sale and unlawful transportation of intoxicating liquor. It is averred that the accused was one of Reed's attorneys in the action, and that he willfully, knowingly and feloniously induced and procured one Carlile to perjure himself while on the stand as a witness for the defendant in the action. The fourth specification sets forth that on the trial of one Poole,

informed against for murder in the first degree, the accused, Poole's attorney, induced and procured one Ross, a witness for Poole to commit perjury.

To the complaint the accused answered, denying any knowledge or information sufficient to form a belief (subd. 1, sec. 9137, Rev. Codes 1921) as to whether any of the perjuries alleged had been committed, and denied positively any subornation of perjury by him.

The issues being made up the court appointed William T. Pigott, Esq., a former justice of this court and a gentleman of the highest character, as referee to take testimony upon the issues of fact presented and to report the same, together with his findings, conclusions and recommendations thereon to this court. In due time the referee reported. He found as a fact that "each of the witnesses Robinson, Crites, Carlile and Ross perjured himself in manner and form as charged in the specification of the accusation relating to him." With respect to the accused he said: "The evidence of guilt has not satisfied the referee to a reasonable certainty that the accusation, or any one of the specifications, is true so far as it charges the accused with subornation of perjury; the evidence tending to prove the accused guilty has not produced moral certainty or conviction, and is therefore not satisfactory evidence showing guilt." Concluding, the referee found that the accused did not commit any of the subornations of perjury specified in the accusation, and that he is not guilty; recommended that the proceeding be dismissed.

Shortly after the report was made accusers and accused filed written motions with the clerk of this court, the accusers alleging the report, findings and recommendation are not supported by the evidence and moving that they be rejected; the accused moving that the findings and recommendation be adopted.

The matter was set down for hearing, has been argued by [1] respective counsel, and has received the careful attention

of the court. We have read the testimony of the thirty-five witnesses who testified, the documentary evidence, and given consideration to the arguments of counsel. A review of the evidence would be useless. Suffice it to say that the assertion that the evidence does not support the referee's findings cannot be justified. Indeed, at the hearing the earnest and able counsel who spoke for the accusers did not attempt to sustain that allegation of accusers' motion. He conceded that there is evidence in the record which supports the referee's position. The counsel's position is that the weight of the evidence is against the referee's finding that the accused did not suborn the perjured testimony. As to this it must be admitted by all that the referee occupied a position of advantage which the members of this court, sitting in review, do not occupy. He saw the witnesses on the stand, heard their voices, and observed their appearance and demeanor. He was much better qualified than are we to give the testimony of these witnesses the weight to which it is entitled. (*In re Parsons*, 35 Mont. 478, 90 Pac. 163; *In re Ryan*, 46 Mont. 289, 127 Pac. 904.) In view of the fact that the record discloses the referee's findings are supported by substantial testimony, coupled with an appreciation of the advantageous position he occupied as a trier of the facts, we shall not interfere with his conclusion.

The exceptions to the report are overruled and the proceeding is dismissed.

*Dismissed.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN, STARK and MATTHEWS concur.