## IN RE GRORUD.

(No. 6,242.)

(Decided February 27, 1929.)

[275 Pac. 1098.]

*Mr. W. E. Keeley,* Special Prosecutor, for the State.

*Mr. S. C. Ford,* for Accused.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

After a complaint looking to the disbarment of A. A. Grorud, an attorney admitted to practice law in this state, had been filed and the accused had answered, this court appointed Hon. E. H. Goodman, a former district judge, and present senator from Broadwater county, referee with direction to hear the testimony and thereupon to report to the court findings of fact and his conclusions and recommendations thereon.

The referee made report on January 15, 1929, and thereafter Hon. W. E. Keeley, special prosecutor appointed by the court at the request of the attorney general, gave notice to the accused that upon the twenty-first day of February, 1929, he would move the court to adopt the findings of the referee and to make such order in the premises as the court might deem fit and proper. The notice was received by the accused on February 6, 1929, but he has not made any response thereto.

The referee found, among other facts, in effect that on or about the first day of March, 1912, one H. H. Potting, a resident of the city of St. Louis, Missouri, died in the county of Lewis and Clark, Montana, leaving estate in the county of Lewis and Clark consisting of interests in two mining claims; that Dr. O. M. Lanstrum, a resident of the city of Helena, Montana, was desirous of acquiring title to these interests; that Dr. Lanstrum employed the accused, who already was in his service, to bring about the probate of the Potting estate and a sale of the interests; that accused induced J. D. Conrad, public administrator of Lewis and Clark county, to procure letters of administration in the matter of the estate of H. H. Potting, deceased, and such things were done that thereafter an order was obtained from the district court authorizing a private sale of the Potting interests in the mining claims, and the same were purchased by Dr. Lanstrum; that Dr. Lanstrum gave accused a check for $250 with which to purchase the

interests; that not at any time after the sale was made to Lanstrum did the sum of $250, or any part thereof, come into the possession of the administrator, for at all times after accused cashed the check given him for the purpose named, accused kept the money, and any and all payments that were made on account of the estate were made by the accused in person. It is not clear whether the sum bid for the property was $250 or $131.15. It seems that in the return of sale the figures "$250" were changed and "$131.15" written thereover. In the order of confirmation it is said that "O. M. Lanstrum became the purchaser of said real estate for the sum of $131.15, he being the highest and best bidder and such sum being the highest and best sum bid." The recorded copy of the order of confirmation states that O. M. Lanstrum "became the purchaser of the said real estate for the sum of $250." Changes were made in other estate papers; all of the changes, erasures and alterations made in the orders, petitions, papers and files in the estate were made without the knowledge and without the consent of the district court, or either of its judges. Neither of the judges was aware that the accused was the attorney for Dr. Lanstrum and at the same time the attorney for the administrator.

The referee concluded that the accused has been guilty of professional misconduct (a) because at one and the same time he acted as attorney for the administrator of the Potting estate who was desirous of getting the highest price for the property of the estate, and for Dr. Lanstrum who was desirous of acquiring the property at a low price, and this without notice to the district court or its judges; (b) because the accused has and wrongfully withholds from those lawfully entitled thereto the sum of $118,85 of the moneys of the Potting estate and has applied and appropriated the moneys to his own use; (c) because the accused, without the knowledge or consent of the district court or either of its judges, erased and changed, altered and mutilated certain petitions, orders and reports after the papers had been filed and had

become a matter of record; (d) because the accused filed among the vouchers and papers of the estate receipts showing upon their face that he had made payments of money, when as a matter of fact he had not made such payments.

The referee therefore found that the accused has been guilty of violation of his oath of office and of his obligations and duties as an attorney and counselor at law. The referee says that he does not believe from the facts and the law that the accused should be permanently disbarred, and recommends that he be suspended for a period of one year, during which period he be disbarred from the practice of his profession as an attorney and counselor at law of this state.

. We have examined the testimony given before the referee, ██ which accompanies the referee's report, and are satisfied that the findings of fact are justified by the testimony. The rule is that while the findings of the referee are not conclusive, they are to be given the same dignity as a special verdict by a jury or the findings of a trial court, and whenever they depend upon conflicting testimony they will not be set aside if there is any substantial evidence to sustain them. (*In re McCue,* 80 Mont. 537, 261 Pac. 341; *In re Griggs,* 74 Mont. 373, 240 Pac. 820; *In re Lunke,* 56 Mont. 226, 182 Pac. 126.)

It appears from the record that a number of reputable citizens of Helena, including lawyers of high standing, testified that the reputation of the accused for truth, honesty and integrity is bad, and has been bad for a long time.

While we are disposed to adopt the referee's recommendation as to the suspension of the accused for a period of one year we shall add thereto the provisions which follow: when a lawyer abuses the high privileges granted to the profession to such an extent as to warrant his suspension he should not be permitted to resume the honorable calling of the law until he has made amends, and is able to show that he is worthy.

It is therefore ordered and adjudged that the said A. A. Grorud be, and he is hereby, suspended from his office as

attorney and counselor at law in this state for a period of one year, and until the further order of this court, during which time he shall be debarred and prohibited from practicing his profession in the state of Montana, and he shall not again be restored to that privilege until he shall have presented to this court a satisfactory showing that he is a fit and proper person to practice before the courts of this state.

Associate Justices MATTHEWS and GALEN concur.

MR. JUSTICE FORD and MR. JUSTICE ANGSTMAN, being disqualified, take no part in the foregoing decision.