This action was brought in the Superior Court by W. C. Abernathy, guardian of M. L. Abernathy, against the defendant B. F. Withers, administrator of M. J. Abernathy, deceased, and the sureties on his administration bond, for an account and settlement of the estate of his intestate.
At the Fall Term, 1886, of said court, Graves, J., made the (521) following order:
"This cause is referred to John R. Erwin, clerk, to take and state an account of the estate of S. J. Abernathy, that has come to the hand of the defendant Withers as administrator of her estate.
He will make his report to the next term of this court."
The referee made his report to the following term, accompanied by the evidence and an account stated, in which a balance of $1,424.45 was found to be due from the administrator, when the following order was made by Montgomery, J.:
"In this cause, it is ordered that the defendant have thirty days to file exceptions to the report of the referee, as of this term."
No exceptions were filed, and at Fall Term, 1887, the following judgment was rendered by MacRae, J.:
"This cause coming on to be heard, upon the report of J. R. Erwin, referee, to which no exception has been filed by the defendants:
It is now adjudged that the said report be, in all respects, confirmed, and that the plaintiff guardian as aforesaid, do recover of the defendant B. F. Withers, as principal, and of J. S. Miller and Jas. H. Elms, the sureties on his bond, the sum of fourteen hundred and sixty-seven dollars and seventeen cents ($1,467.17), of which sum $1,424.45 is principal, and $42.72 is interest accrued since the report, and also the costs of this action, to be taxed by the clerk, and to include an allowance of twenty-five ($25) dollars for the referee, J. R. Erwin." *Page 410 
There was no exception taken before the referee to any finding of fact or conclusion of law. He made his report, and the defendants were allowed thirty days within which to file exceptions. No exception was filed, nor had any been taken before the referee. No error in the report was alleged or suggested, or pointed out in the court below, nor was the court asked to pass upon any ruling of the referee.
(522) The report was confirmed and judgment rendered thereon, and there was no exception to that. There was no case on appeal stated, and the only indication of any dissatisfaction, on the part of the appellant, is to be found in the simple entry: "Defendants appeal to Supreme Court. Notice waived. Bond in $50 adjudged sufficient." And we are now asked to review the findings of the referee upon the report and evidence sent with the transcript, as if it had come by appeal directly to this Court from the referee, and upon some alleged error, for the first time assigned or suggested here.
We are unable to see the remotest analogy between this case and that ofAllen v. Griffin, 98 N.C. 120, relied on by counsel for appellant. There, the case on appeal was settled by the court, and presented, concisely and clearly, the matter in controversy, and the alleged ground of error — it was apparent in that case, and upon the face of the case, stated by the court, and did not have to be pointed out in this Court for the first time; but here, it is sought, for the first time, to assign some error in the finding of the referee, which was not excepted to, and about which, so far as we can see, there was never any dispute or controversy, and which was never brought to the attention of the referee, or passed upon by the court below.
This will not do. Whissenhunt v. Jones, 80 N.C. 348; Neal v. Mace,89 N.C. 171; The Code, sec. 550; Manufacturing Co. v. Simmons, 97 N.C. 89, and the many cases cited.
There is no error.
Judgment affirmed. *Page 411 
(523)