EDWARD KRAPP V. A. F. ADERHOLT.

1. REFEREE—*Report—Power of Court.*   A referee is an officer of the court appointing him, and the court has full authority to supervise and control his report; it can set aside, and confirm, and modify the report, as the facts and the law require.

2. ——— *Report—Practice.*   Where none of the testimony before a referee is preserved in the record, and the trial court strikes out from the report of the referee an allowance for damages, other than interest, for the failure of one partner to furnish his share of the partnership funds to carry on the business, such order and judgment will not be set aside or reversed.

3. PARTNERSHIP—*Interest on Money Withheld.*   Ordinarily, when one partner fails to furnish his share of the partnership funds, according to agreement, the only damage for which he is liable therefor is interest on the money due and withheld.

*Error from Wabaunsee District Court.*

ON the 27th of October, 1886, *A. F. Aderholt* filed his petition, alleging a partnership in the butchering business with *Edward Krapp*, commencing on the 26th day of May, 1886, and asking for an accounting and winding-up of the business.   Krapp filed an answer containing a general denial only.   The issues of fact in the case were referred to M. Nicolson, Esq., for hearing, on or before the 15th day of December, 1886.   The court made the further order that the report of the referee be filed on or before the 1st day of February, 1887.   On the 11th day of December, 1886, the court

enlarged this order, and permitted the referee to hear evidence up to and including the 30th December, 1886. On the 1st day of February, 1887, the referee filed his report. This report contained the following statement of accounts:

"A. F. Aderholt in account with Edward Krapp, and Edward Krapp as successor of Krapp & Aderholt:

| | Dr. | Cr. |
|---|---|---|
| To balance purchase-price of said one-half interest.. | $385 00 | |
| To interest on $385 for eight months at 7 per cent. per annum.................................... | 17 97 | |
| To money received............................... | 19 00 | |
| To damage by not furnishing capital.............. | 100 00 | |
| By half-interest in concern, converted by Krapp to his own use August 19, 1886...................... | | $400 00 |
| By interest on $400 at 7 per cent. from August 19, 1886, up to February 1, 1887..................... | | 12 82 |
| By one-half profits ............................. | | 106 66 |
| By balance...................................... | | 2 49 |
| | $521 97 | $521 97 |

Debtor $2.49."

Subsequently A. F. Aderholt filed his objections to the report. These objections were presented and argued at the March term of the court for 1887. At that term Krapp made a verbal motion in court, asking leave to amend his answer so as to claim damages for the refusal of Aderholt to furnish one-half of the money necessary to carry on the business as he agreed to do. The court made the following conclusions of law on the findings of the referee:

"1. On the 26th day of May, 1886, a partnership existed between said plaintiff and said defendant, and continued until the 19th day of August, 1886.

"2. The defendant cannot recover damages against the plaintiff for a breach of the contract of partnership in an action by the plaintiff for a dissolution of the partnership and a settlement of partnership affairs.

"3. The defendant is indebted to plaintiff in the sum of $97.51."

The defendant filed his motion for a new trial, which was overruled, and the court rendered judgment in favor of the plaintiff and against the defendant for $97.51. The defendant excepted, and brings the case here.

*Doolittle & Stringham*, for plaintiff in error.

*Geo. G. Cornell*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Aderholt sued Krapp in the district court for a settlement of partnership affairs. He alleged a partnership in the butchering business, commencing the 26th of May, 1886; that on the 19th of August, 1886, Krapp forcibly excluded and ejected him from their place of business, and soon after notified all persons not to pay to him any accounts due the firm. The answer, which was a general denial, was verified. The cause was referred with consent of the parties to a referee, who was directed to hear and report upon the issues of fact in the case. The referee reported Aderholt indebted to Krapp in the sum of $2.49. This result was obtained by allowing Krapp $100 as damages for the failure of Aderholt to furnish $385, his part of the money to carry on the business of the firm. The referee also allowed Krapp interest on $385 at seven per cent., amounting to $17.97. The trial court subsequently modified the report by striking out the $100 damages allowed to Krapp, and entered judgment in favor of Aderholt and against Krapp for $97.51.

None of the testimony before the referee is preserved in the record. We have already held that the finding and report of the referee is not conclusive — it is subject to an examination and review by the court. The referee is but an officer of the court, and the court has supervision and control of all its officers and their proceedings; it can set aside, or confirm, or modify the report of a referee. (*Hottenstein v. Conrad,* 9 Kas. 435; *Owen v. Owen,* 9 id. 91.) Here it modified the report by striking out damages, which ordinarily cannot be allowed, unless there is such a special agreement as to stipulate damages. Interest upon the money that Aderholt failed to furnish is probably the only damage that Krapp is entitled to. This was allowed him. No special agreement between the parties, as to extra or unusual damages for failing to furnish any part of the partnership money, is in the record. The finding of $100 of damages in favor of Krapp was more a conclusion of law than a finding of fact. The referee was

directed to report the facts, not his conclusions of law. Even if the court gave a wrong reason for rejecting the claim for damages, if its judgment is right upon the findings of fact this court will not interfere.

Upon the record as presented, there was no error in refusing to permit Krapp to amend his answer by claiming damages.

The judgment of the district court will be affirmed.

All the Justices concurring.