Kelley v. Schreiber.

THE KELLEY & LYSLE MILLING COMPANY, *Appellant*, v.
L. SCHREIBER, *Appellee*.

No. 16,332.

### SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Objections to Referee's Report—
Old Code*. Under the provisions of the old code (§§ 293, 295),
a report of a referee appointed by the district court could be
assailed by a motion to set it aside or by proper exceptions
thereto filed upon the coming in of the report, and it was not
essential that exceptions be taken to errors occurring on the
trial before him if such errors appeared of record.

2. ——— *New Code*. The amended code makes no provision for
exceptions or for bills of exception. (Laws 1909, ch. 182; Gen.
Stat. 1909, ch. 95.)

Appeal from Wyandotte district court; J. McCABE
MOORE, judge. Opinion filed May 7, 1910. Affirmed.

*Adrian F. Sherman, John H. Atwood*, and *W. W.
Hooper*, for the appellant.

*S. I. Hale*, and *Angevine, Cubbison & Holt*, for the
appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff sued to recover a balance
alleged to be due on an account of sales of several car-
loads of wheat shipped to the plaintiff by the defend-
ant, after crediting him with the market value of the
wheat and charging him with drafts drawn against
the same and with freight, interest and storage
charges. Issues were joined and the cause was re-
ferred to a referee. The referee's report was duly filed,
with his findings of fact and conclusions of law. The
defendant moved to set aside the findings of fact and
conclusions of law and for a new trial, and also for
an· order directing the referee to return all the evi-
dence introduced at the hearing. The plaintiff filed a
motion to confirm the report and for judgment in ac-

cordance therewith. The district court ordered the referee to return the evidence, and, after this order had been complied with, denied the plaintiff's motion to confirm the report, and made an order setting aside the referee's findings and granting a new trial. The plaintiff brings the case here for review and alleges that the court erred in setting aside the findings and in granting a new trial.

The plaintiff claims that the district court had no power to review the findings of the referee, except on a bill of exceptions signed by the referee and filed in the cause. This is the only question to be determined. It is purely one of practice, and, moreover, a question which can only arise in a case tried before the amendment to the code, because the new code does away with all exceptions and bills of exceptions. Under the provisions of the code in force when the case was tried it was always considered good practice for a party wishing to except to the rulings of a referee to prepare a bill of exceptions and have the same allowed by the referee before the report was filed. (*DeLong v. Stahl,* 13. Kan. 558; *Davis v. Finney,* 37 Kan. 165; *Newton v. Toevs,* ante, p. 15.) Section 295 of the code (Gen. Stat. 1901, § 4742) made it the duty of the referee to sign any exceptions taken to any order or decision made by him and return the same to the court making the reference. But the only purpose of a bill of exceptions is to preserve and present objections to rulings made during the progress of the hearing which otherwise would not appear of record, such as the admission or rejection of testimony, or. like matters. No bill of exceptions, however, was necessary when there was no dispute as to what the rulings were or what the evidence was upon which they were based. This is undoubtedly true, although no cases will be found in which the court has passed upon the precise question. The referee's report could be assailed by a motion to set it aside or by proper exceptions thereto filed in the

case upon the coming in of the report, and it was not essential that exceptions be taken to errors occurring on the trial before him, if such errors appeared of record. When the court passed upon the defendant's motion and set aside the report and granted a new trial it had before it all the evidence presented to the referee, together with his findings, and it was the duty of the court to set the report aside if the findings were not supported by the evidence or if the conclusions of law were erroneous. (*Owen v. Owen,* 9 Kan. 91; *Jones v. Franks,* 33 Kan. 497; *Chandler, Adm'r, v. Dye,* 37 Kan. 765; *Krapp v. Aderholt,* 42 Kan. 247; *Bank v. Showers,* 65 Kan. 431.) In the syllabus of *Krapp v. Aderholt,* supra, it was said:

"A referee is an officer of the court appointing him, and the court has full authority to supervise and control his report; it can set aside, and confirm, and modify the report, as the facts and the law require."

It was within the power of the court to refer the case again, either to the same or another referee, or to hold the case for trial before the court.

The plaintiff's contention is based upon a misconception of the relations between the court and the referee. The latter is merely an officer of the court, with limited powers, defined by the order appointing him. He is not a court from which an appeal lies to the district court. His report has no force or effect until it is confirmed by the court. The power exercised by the court in passing upon the referee's report is not appellate, and therefore the rule that exceptions are necessary to authorize a review by an appellate court of the rulings by a referee has no application.

The following decisions from other courts hold that exceptions may be first taken in the court which appointed the referee: *Edwards & Beardsley v. Cottrell & Babcock et al.,* 43 Iowa, 194; *Washington County v. Jones,* 45 Iowa, 260; *Hodgin v. Toler et al.,* 70 Iowa, 21; *Walton v. Walton's Estate,* 63 Ver. 513; *Abernathy v. Withers,* 99 N. C. 520.

It is the general rule that exceptions are not necessary where the error is apparent on the face of the record. On the contrary, some decisions will be found which hold that exceptions are necessary to raise any question as to the correctness of conclusions of law (*The Amboy, Lansing & Traverse Bay R. R. Co. v. Byerly,* 13 Mich. 439), but this is not the law in Kansas. (*Martsolf v. Barnwell,* 15 Kan. 612; *Cemetery Association v. Hanslip,* ante, p. 20.) For the purpose of such a review the evidence is not necessary, as the findings of fact are taken as true. (*Cemetery Association v. Hanslip,* supra.)

It is not deemed necessary to consider any of the other questions discussed in the briefs, as the judgment granting a new trial must be affirmed.