No. 24,052.

J. W. SIMS, *Appellee,* v. THE EBERHARDT CONSTRUCTION COMPANY and UNITED STATES FIDELITY & GUARANTY COMPANY, *Appellants.*

SYLLABUS BY THE COURT.

1. COMPENSATION ACT — *Reference — Referee's Report — Discretion of Trial Court.* After an action was begun for compensation, a referee was appointed by consent of the parties, to "make findings of fact and conclusions of law subject to the approval of the court." *Held,* that after the referee's report came in the court had discretion to take additional testimony and approve, modify or set aside such report.

2. SAME—*Permanent Partial Disability—Incompetent Evidence.* In a compensation case involving permanent partial disability it was not proper to receive testimony of various business men that they had no positions to offer the plaintiff.

3. SAME—*Partial Disability—Measure of Damages.* Under section 3, chapter 226, Laws of 1917, plaintiff was entitled to receive during his partial disability not exceeding 8 years, 60 per cent of the difference between what he had been earning before and what he could earn thereafter (not less than $6 a week), and a lump-sum judgment therefor could not be diminished by 20 per cent so as to award only its present worth.

4. SAME. Such sum cannot be determined without ascertaining the amount of such earnings.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed April 8, 1922. Reversed.

*C. W. Burch, B. I. Litowich,* and *LaRue Royce,* all of 'Salina, for the appellants.

*W. B. Crowther,* and *F. C. Norton,* both of Salina, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff was injured while in the employ of the defendant construction company. He was working as a teamster at $50 a week for himself and team. He sued for $780 on account of total disability and $4,095 on account of 75 per cent partial disability for seven years. After filing a general denial, the defendants under an agreement with the plaintiff's attorneys joined in a request for the appointment of a referee so the matter could be determined as soon as possible.

The order authorized the referee to make findings of fact and conclusions of law, subject to the approval of the court. These findings of fact were to the effect that the injuries caused a temporary total disability for thirty weeks, and would cause a permanent partial disability, and that the construction company had paid the doctors' bills and hospital fees in the sum of $150. As conclusions of law the referee found that the plaintiff was entitled to receive $15 a week for 29 weeks or $435, and $12 a week for 368 weeks, or $4,635, a total of $5,067.

The defendants moved to set aside certain of these findings of fact and conclusions of law and to make certain others; and also moved for a new trial.

The plaintiff moved to amend the prayer of his petition and asked for partial disability for 8 years and further moved that the cause be recommitted to the referee to make additional findings of fact and conclusions of law.

Thereafter, the court ordered the plaintiff within ten days to offer additional testimony as to his earning capacity.

Sims v. Construction Co.

A number of witnesses were called before the court and testified touching the ability of the plaintiff to do various kinds of work. The plaintiff then moved that the court make an additional finding to the effect that on account of the injury he would be able to earn $5 a week for 8 years from December 16, 1921; that the construction company had paid compensation for 10 weeks' total disability in the sum of $150, and $70 for doctors' bills and hospital fees; that the plaintiff had suffered permanent partial disability so that he would never be able to work as a teamster and in the future could do only light work which would permit him to sit in a chair and not have to strain his back in any way while doing his work. Also to modify a conclusion of law so that he would be entitled to $15 a week for 29 weeks, $435, and $12 a week for 416 weeks, or $4,992, and he would be entitled to the total $5,427 in a lump sum, less the $150 theretofore paid. The defendant moved for a new trial, which was overruled, and the court rendered judgment for the plaintiff in the sum of $5,067.

Errors assigned are the refusal to change the findings of fact and conclusions of law, the admission of testimony after the report of the referee, denial of a new trial and excess in the judgment.

In their brief the defendants urge that the plaintiff was entitled to only $6 a week for permanent partial disability and that a lump sum for that amount should have been reduced by 20 per cent.

As to the taking of testimony after the report of the referee was in, it will be observed that he was a referee and not an arbitrator. The action was begun directly in the district court and the ordinary matter of a reference was acquiesced in, and the referee reported as is usual in such cases. Thereafter the court had a right to accept, set aside, modify or hear testimony in the case as it saw fit, or refer the matter back to the referee to take such testimony. The matter was all within the control of the court and it had the power to discharge the referee, make a new reference or take cognizance of the case without the aid of the referee at all. (*Cemetery Association v. Hanslip,* 82 Kan. 20, 107 Pac. 785; *Brown v. Railway Co.,* 83 Kan. 574, 112 Pac. 147; *Humble v. Insurance Co.,* 85 Kan. 140, 116 Pac. 472; *Holmes v. Holt,* 93 Kan. 7, 142 Pac. 369; 23 R. C. L. 300-304.)

It is argued that the additional testimony was in itself incompetent. It seems that a number of men in different lines of business were permitted to testify that they had no employment they could

offer the plaintiff. Two others testified that they had certain light jobs they could offer him at a small wage, and a railroad man testified that the plaintiff might hold the job of a flagman at a railroad crossing, but he did not indicate how he could hold it or who would employ him. Of course, testimony that divers and sundry men could not give the plaintiff employment was incompetent, and its reception opened a door which might let in entirely too much of the business world. Others who testified as to positions they could give him and what he would earn were properly heard.

It is argued that when the proper difference between what the injured party could have earned before and can earn after the injury is determined, only 60 per cent should be awarded. The theory seems to be that in this way the present value of the lump-sum allowance should be ascertained. We do not find, however, any express authority or requirement for this in the statute. Subdivision 19 of section 3, chapter 226, Laws of 1917, thus reads:

"Provided, however, in case of partial disability not covered by schedule the workman shall receive during such period of partial disability not exceeding (8) eight years, 60 per cent of the difference between the amount he was earning prior to said injury as in this act provided and the amount he is able to earn after such injury." (See, *Stefan v. Elevator Co.,* 106 Kan. 369, 187 Pac. 861; *Close v. Mining Co.,* 105 Kan. 257, 182 Pac. 392; *Emry v. Cripes,* 110 Kan. 693, 205 Pac. 598.)

Lastly, it is argued that the plaintiff recovered more than he prayed for, which seems to be true. He did ask to amend his petition and enlarge his prayer, but as the case will have to be further considered this matter can be properly attended to on the next trial. As there is nothing whatever in the report of the referee or the findings of fact by the court to show what the plaintiff was able to earn before and after the injury it is imposible to determine how much he should be awarded.

The judgment is therefore reversed and the cause remanded only for the determination of this matter and such judgment therein as may be required.

WEST, J. (dissenting as to part): A reëxamination of the record shows that the statement in the next to the last paragraph of the opinion is incorrect. The finding of the previous earnings was made by the referee and the amount the plaintiff could earn after the injury was found by the court. The judgment, therefore, should be affirmed.