No. 28,445.

CHARLES W. JOHNSON, Receiver of the Emmett State Bank, *Appellee*, v. WILLIAM L. OWENS, *Appellant*.

(276 Pac. 828.)

150

Opinion filed May 4, 1929.

*F. G. Drenning,* of Topeka, for the appellant.

*A. E. Crane, B. F. Messick* and *A. Harry Crane,* all of Topeka, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action on a promissory note for $3,306 executed by defendant May 29, 1918, to the plaintiff bank. The answer did not deny the execution of the note, but averred that it was without consideration, and by cross petition alleged that defendant had been engaged in the mercantile business; that on October 4, 1914, he had been induced by plaintiff's cashier to give notes aggregating $6,000 to the bank for a claimed overdraft which did not exist; that about that time he turned over to the bank notes in the sum of $906.89 as collateral security for the notes given; that in March, 1915, he had turned over to plaintiff's cashier, as collateral security for the notes previously given, about 250 itemized times sales accounts known as "McCaskey accounts," aggregating $7,-525.68, and about 150 book accounts amounting to $5,472.77, and that about July 15, 1915, he had indorsed promissory notes payable to him and delivered them to the plaintiff bank in the sum of $5,098.48 for collection, and at the same time paid plaintiff $1,500 in cash to apply upon his notes; that he had borrowed through plaintiff $5,000 of a bank at Kansas City to pay certain notes and overdrafts, for which he had not been given credit. He asked for an accounting, and alleged there was a substantial sum due him from the bank, for which he prayed judgment. The allegations of the cross petition were put in issue by appropriate pleadings. The trial court appointed Hon. Otis E. Hungate referee to take the evidence on the issues made by the pleadings and to make findings of fact and conclusions of law, and to report to the court. This was done. Later the matter was rereferred to the same referee for the taking of additional testimony. The referee resigned without making an additional report, and the matter was then referred to Hon. Clayton E.

Kline, with directions to make findings of fact and conclusions of law upon the evidence offered before the former referee and which might be offered before him. He filed his report June 11, 1927. Plaintiff moved for a new trial. Defendant also moved for a new trial and for the modification of many of the findings and conclusions of the referee. The court modified two of the referee's findings, denied other requests for modification, overruled the motions for a new trial, and rendered judgment for plaintiff for $1,716.65 in accordance with the findings of the referee.

Defendant has appealed, and discusses several questions. One relates to the time of the filing of the report of the referee. The order appointing Hon. Clayton E. Kline referee was made February 2, 1927, and directed him to make his report in sixty days. On March 29, 1927, the time was extended to April 30, 1927. On May 3, 1927, the time was again extended to June 11, 1927, and his report was filed on that date. Appellant contends that the powers of a referee are limited by the order of his appointment; that when such order directs him to report within a stated time and he does not do so, his authority ceases (De Long v. Stahl, 13 Kan. 558), and that at the time for filing—the report not having been filed—the court was without authority on May 3 to make an order further extending the time. We think the court did not lose jurisdiction of the case because the referee had not filed the report within the time required. (23 R. C. L. 297; 34 Cyc. 832.) The case could have been tried to the court or rereferred. The order of May 3 was tantamount to an order rereferring the matter to the same referee upon the same terms as the original order of reference to him, except as to the time of his making this report. No objection was made on this ground to the hearings before the referee, or to his report or its consideration, until October 26, 1927. The fact that the order extending the time was not made as early as April 30 is a technical error not affecting the substantial rights of the parties and should be disregarded. (R. S. 60-3317.)

On June 28, 1927, the referee made application to the court for leave to amend in part one of his findings of fact on the ground that the same was entered by mistake and oversight. The court, on hearing this application, granted the referee leave to so amend his report, and the amendment was then made. Appellant contends that this amendment was without authority. It would have been had

the referee undertaken to make the amendment without applying to the court for leave to do so and showing cause, but we think the court had authority to permit the amendment. The case was then pending before the court upon motion for a new trial and to modify the report of the referee, and it was within the jurisdiction of the court, in the exercise of its judicial discretion and for good cause shown, to permit the amendment.

On consideration of the report of the referee, the motions for a new trial and to set aside or modify the report, the court modified the report in two respects. Appellant contends that the court had no authority to modify the report. The contention is hardly consistent with his request that the court modify it in many respects. But, passing that, there was no lack of power in the court to entertain the motion and to make the modification. (*Kelley v. Schreiber,* 82 Kan. 403, 405, 108 Pac. 816; *Sims v. Construction Co.,* 111 Kan. 179, 181, 206 Pac. 878; *Baker v. Craig et al.,* 117 Kan. 491, 232 Pac. 248.)

Appellant contends that the referee, Kline, went outside of the scope of the order appointing him in changing findings previously made by the former referee. The order of the court appointing Kline referee contained a provision that the referee then appointed—

". . . Shall consider the findings of fact and conclusions of law heretofore made by Hon. Otis E. Hungate, referee, as *prima facie* correct, and such former findings and conclusions shall not be set aside or modified unless the plaintiff or defendant shall point out that the same ought to be modified or set aside in furtherance of justice or because wrong in point of fact or law or because of new evidence material to the issues."

While many of the findings of the referee, Kline, were identical with findings made by the former referee, some of them differed materially, and appellant contends that the order appointing Clayton E. Kline as referee prohibited him from making such changes. We do not so interpret the order. While it did direct that the referee should consider the findings made by the former referee as *prima facie* correct, it authorized their modification for reasons pointed out by counsel on either side, or in furtherance of justice, or because wrong in point of fact or law, or because of new evidence. Obviously this is a grant of rather extended authority with respect to the modification of findings made by the former referee.

The contention made by defendant in his answer, that the notes aggregating $6,000 given October 4, 1914, were for an overdraft

claimed by plaintiff which did not in fact exist, was in effect abandoned at the trial. The referee found against defendant on that point, and it is not now seriously urged that this finding is incorrect. Also, the contention made in defendant's answer that he never got credit for $5,000 which plaintiff obtained for him from a Kansas City bank was abandoned. The files contain a stipulation that defendant received credit for this item; the referee so found, and it is not now contended otherwise. Hence, these questions·are no longer in dispute.

The evidence disclosed that defendant had delivered to plaintiff accounts known as the McCaskey accounts, book accounts, and notes aggregating substantially the sums pleaded by defendant in his answer. The findings of the two referees differed materially as to the terms or circumstances under which these notes and accounts were delivered by defendant to plaintiff's cashier and the manner in which they were handled thereafter. The first referee's findings were to the effect that these notes and accounts were delivered by defendant to plaintiff as collateral security for his indebtedness to plaintiff, to be collected by plaintiff, the proceeds applied upon such indebtedness, and the balance placed to his account. Based upon that theory appellant has presented an extended argument, and cited many authorities in support thereof, to the effect that under such a situation it became the duty of plaintiff to proceed with reasonable diligence to collect the notes and accounts so turned over to it by defendant, to apply the proceeds on the indebtedness of defendant to plaintiff, and to place the balance to his credit, or return to him notes and accounts then uncollected, and that if plaintiff failed to do so that it was liable to defendant for the reasonable value of such notes and accounts, irrespective of whether it collected them or not. This argument becomes inapplicable if we follow the findings of referee Kline, which are to the effect that these notes and accounts were turned over to plaintiff's cashier about the time defendant sold out his store, with the understanding and agreement between defendant and plaintiff's cashier that each would endeavor to collect the notes and accounts; that in fact each of them did endeavor to do so, and each of them made some collections, and that, because of this agreement and the method in which the business was handled, each was the agent of the other in making the collections, from which the legal conclusion was reached that plain-

tiff was liable to defendant only for collections actually made by its officers. On this point appellant argues that there is no evidence to support the findings of the referee, Kline, which in this respect were approved by the trial court. We have examined the evidence and think there is sufficient to support the findings of the referee and the trial court.

Upon the issues finally in dispute between the parties we regret to say that counsel have not greatly aided this court in preparing their abstracts and briefs. There is an abstract, a counter abstract, a supplemental and corrected abstract, with repeated accusations by counsel on each side that the other did not correctly or completely abstract certain features of the case. Because of this we deemed it necessary to send for the original transcript, exhibits and files, and have performed the laborious task of examining the parts of those questioned to determine if there was evidence to support the findings of the referee and the trial court. We shall not undertake a detailed analysis of this evidence, for it is voluminous, and on many points is sharply in conflict. These issues really resolve themselves into questions of fact, and it is sufficient to say that the record contains substantial evidence sufficient to support the findings of the referee as modified by the trial court. That is as far as we are authorized to examine the evidence.

The result is that there is no substantial error in the record, and the judgment of the court below should be affirmed.

It is so ordered.