THE STATE OF KANSAS, *ex rel. M. A. Bender, as County Attorney, etc.,* v. J. H. JOHNSTON.

No. 15,643.    (97 Pac. 790.)

SYLLABUS BY THE COURT.

1. WORDS AND PHRASES—*"Temporary Injunction"—"Restraining Order."* While often used synonymously, the terms "temporary injunction" and "restraining order" are properly distinguished as follow: A restraining order is effective only until an application for an injunction shall be heard; a temporary injunction is a restraining order effective until the trial of the action in which it is issued. The effect, and not the name by which an order may be called, determines to which of the classes it properly belongs.

2. ——— *Same.* An order by a probate judge, made in the absence of the district judge from the county and in an action pending or being commenced in the district court, which order is by its terms operative until the district court or the judge thereof shall act in the matter, is a restraining order and not a temporary injunction.

3. CONSTITUTIONAL LAW—*Right to a Jury Trial—Indirect Contempt.* Chapter 123 of the Laws of 1901 (Gen. Stat. 1901, §§ 1982, 1983, 1985) is valid, and the defendant on trial for an indirect contempt is not of right entitled to a jury trial.

Appeal from Jackson district court; MARSHALL GEPHART, judge. Opinion filed October 10, 1908. Affirmed.

STATEMENT.

THIS suit was commenced by the filing of a petition in the district court of Jackson county, in the name of the state, on the relation of the county attorney, as plaintiff, against the appellant, J. H. Johnston, his wife, and the city of Holton, as defendants, perpetually to enjoin the maintenance of a nuisance. The petition alleges that the city had constructed a sewer, for the purpose of carrying off surface-water only, running about two blocks by and beyond Johnston's hotel, where it emptied into an open ditch; that Johnston,

with the consent of the city, ran a private drain from the hotel into this drainage sewer, and caused filth, slops, dirty water and excrement from the hotel closets to be emptied and discharged through such private drain and sewer into the open ditch; that thereby a common nuisance was caused to persons residing upon or passing along the street along which the ditch was constructed. Upon an affidavit that the district judge was absent from the county, application was made to the probate judge for a restraining order until the further order of the district court or judge. The order was allowed, but was, by its wording, called a "temporary injunction." A summons indorsed "injunction allowed," and another indorsed "restraining order allowed," were issued by the clerk of the district court, and were duly served upon the appellant.

Thereafter, upon a showing that the appellant had ignored and disobeyed the order of the probate judge, application was made and allowed by the district judge for an order of attachment, as to the appellant. He was arrested thereon, and a formal accusation was filed against him, to which, after several motions and a demurrer had been overruled, he answered. He was thereafter brought before the judge of the district court at chambers for trial, and, after objecting to the jurisdiction of the judge, he demanded a trial by a jury, which was refused, and he was tried before the district judge at chambers, found guilty as charged, adjudged to pay a fine of ten dollars for the use of the county of Jackson, to pay the costs of the action, and to be imprisoned in the jail of Jackson county till the fine and costs were paid. After the denial of a motion in arrest of this judgment he appealed.

*Fred S. Jackson,* attorney-general, and *M. A. Bender,* county attorney, for The State.

*A. E. Crane, F. T. Woodburn, E. D. Woodburn,* and *Charles Hayden,* for appellant.

The opinion of the court was delivered by

SMITH, J.: Twenty-six assignments of error are made, Nos. 1, 2 and 3 of which are objections to the jurisdiction of the probate judge to make the order which he granted. Section 239 of the civil code was amended by chapter 281 of the Laws of 1901 (Gen. Stat. 1901, § 4686), and by the amendment probate judges were devested of the power to allow temporary injunctions, and were authorized to issue restraining orders only upon certain contingencies. This is now the limit of the jurisdiction of a probate judge in this regard. "Temporary injunction" and "restraining order" are often used synonymously. Our statute and the better usage limits the meaning of "restraining order" to such an order as is operative only until a hearing can be had upon an application for an injunction, and of "temporary injunction" to an order operative usually until the final hearing of the case in which it is issued. (Civ. Code, § 241; 8 Words & Ph. Jud. Def. 6902; 7 Words & Ph. Jud. Def. 6183; 16 A. & E. Encycl. of L. 345-349.)

The restraint which the order purports to impose, and not the name given to it, determines its true name and character. The order of the probate court enjoined the appellant until the further order of the district court or the judge thereof in the premises. It required no revocation, but expired upon the making of an order by the district court or judge. It was simply a restraining order, and within the jurisdiction of the probate judge.

The fourth objection is that the evidence before the probate judge was insufficient to justify the issuance of the order. As the affidavits were verified only upon information and belief, the allowance of the order thereon was probably erroneous, but, the court having jurisdiction, its order was not void. (*Rowe v. Palmer,* 29 Kan. 337; 16 A. & E. Encycl. of L. 438.)

Objections numbered 5 to 20, inclusive, are presented as one, the principal question raised being the right to a jury trial upon demand therefor. The various propositions presented have been determined in this court adversely to the contention of appellant. (*The State v. Thomas*, 74 Kan. 360, 86 Pac. 499, and cases there cited.) We adhere to the conclusion therein set forth.

The proper manner for parties and their counselors to test the validity of an order of court is not to defy the order, but to move, in the court which issued it or in some court having supervisory jurisdiction, to have it set aside. The appellant in this case was fortunate in the leniency of the court.

The appellant does not appear to have especial interest in the question whether the school fund or the county treasurer is to be enriched by the fine imposed, and it is not for our consideration here.

We have examined all the other questions presented and find no prejudicial error. The judgment is affirmed.