THE STATE OF KANSAS v. WILLIAM JOHNSON.

No. 15,987.    (98 Pac. 216.)

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Larceny*—*Possession.* Where one attempts to steal an article from the person of another, but only succeeds in dislodging it so that it falls to the floor, without having had control of it for a single instant, the offense of larceny is not complete.

Appeal from Miami district court; WINFIELD H. SHELDON, judge. Opinion filed November 7, 1908. Affirmed.

*Fred S. Jackson,* attorney-general, and *Thomas H. Kingsley,* county attorney, for The State.

*Henry McGrew, Frank Merrill, John A. Hale,* and *Henry E. Dean,* for appellant.

The opinion of the court was delivered by

MASON, J.: William Johnson was charged with the larceny of a diamond shirt-stud and convicted of an attempt to commit that offense. On appeal he claims that the evidence necessarily showed that if he tried to steal the property referred to he was successful— that he was either entirely innocent or guilty of the completed offense. If this contention is well founded it requires a reversal of the judgment, for the statute provides:

"No person shall be convicted . . . of any

. . . attempt to commit any offense, when it shall appear that the crime intended or the offense attempted was perpetrated by such person . . . in pursuance of such attempt." (Gen. Stat. 1901, § 2285.)

The owner of the diamond testified to these facts: He was asleep in a chair-car while wearing the stud; he was awakened by some one tugging at his shirt-front; he arose, and, discovering that the diamond was gone, seized the defendant, who was standing near, and accused him of taking it; the defendant denied having done so, and made a motion with his hand, after which the diamond was found upon the floor. The complaining witness doubtless believed that the defendant had the diamond in his hand and threw it from him by the motion referred to. If the jury had been satisfied of this they could only have found him guilty of the completed offense—not of a mere attempt. The fact that after the defendant was seen to make the motion with his hand the diamond was found on the floor of the car about where it would have fallen if cast from him by that motion gives strong ground to suppose that at one time he had complete possession of it, but does not compel that conclusion. The jury may have believed that in his effort to grasp the diamond he succeeded only in dislodging it from its place and causing it to fall to the floor, or so loosening it that it fell when the owner arose. In either case the offense of larceny was not committed. The defendant not having had complete and exclusive control of the property, even momentarily, the element of possession by him was lacking.

"Possession is not taken until the thief exercises a complete and exclusive control over the thing taken. Merely striking the hand of a person and knocking money to the ground, where it is lost, is not a taking into possession so as to constitute larceny. So, to jostle another so that a watch and chain drops from him is not a sufficient taking of the watch to constitute larceny." (25 Cyc. 21.)

The judgment is affirmed.