THE STATE OF KANSAS V. HENRY WERNER.

No. 16,041.

SYLLABUS BY THE COURT.

INJUNCTION—*Liquor Nuisance—Restraining Order by Probate Judge—Contempt.* In a proceeding brought under chapter 338 of the Laws of 1903 to enjoin the maintaining of a place where intoxicating liquors are sold and kept for sale a temporary restraining order may be granted when the suit is begun; and in case of the absence of the district judge from the county or of his disqualification or inability to act when the application for the injunction is made the probate judge may grant a temporary restraining order, and the disobedience of such an order may be punished as a contempt.

Error from Leavenworth district court, JAMES H.
GILLPATRICK, judge.    Opinion filed May 8, 1909.    Re-
versed.

*Fred S. Jackson,* attorney-general, and *Charles D.
Shukers,* special assistant attorney-general, for The
State.

*Dawes & Rutherford,* for the defendant in error.

The opinion of the court was deliverd by

JOHNSTON, C. J.: The state brought a suit against
Henry Werner to enjoin him from maintaining a place
where intoxicating liquors were sold and kept for sale
in violation of law.    When the suit was begun the dis-
trict judge was absent from the county, and hence the
petition and verified application were presented to the
probate judge, who granted a preliminary injunction,
or restraining order.    The defendant was duly served
with summons, and also with the order of injunction.
Later the defendant was cited before the court to
answer an accusation that he was still maintaining a
nuisance in violation of the injunction order previously
issued by the probate judge.    His answer to the charge
of contempt was that the probate judge had no au-
thority to grant an injunction or restraining order,
and, as the order issued by him was void, there was
no contempt.    On a demurrer to the answer the court
sustained the contention of defendant and dismissed
the contempt proceedings.    The state complains of this
ruling.

The statute authorizing a proceeding by the state
to abate and enjoin the nuisance above mentioned pro-
vides that an injunction may be granted at the com-
mencement of the suit without requiring a bond, and
that any person violating the terms "of any injunc-
tion" granted in such suit shall be punished for con-
tempt.    There appears to have been a contention by

the defendant that the order made was what is designated as a "temporary injunction," an order which the probate judge has no authority to issue. Formerly a probate judge had authority to allow a temporary injunction, and this, under other provisions of the code, might be continued in force until a review of the same was had in the supreme court. The legislature of 1901 amended the code in this particular by providing that only temporary restraining orders should be granted by the probate judge. (Laws 1901, ch. 281; Civ. Code, § 239.) While the order issued in this case has some of the characteristics of a temporary injunction, it is open to the interpretation that it is an order that the probate judge had authority to grant, namely, a temporary restraining order. The accusation filed by the state treated the order granted as a temporary restraining order, and the district court specifically decided that the probate judge had no authority to issue a temporary restraining order. The question then is fairly before the court whether the probate judge is authorized to issue temporary restraining orders in such cases.

The statute providing for abating and enjoining a nuisance, as will be observed, does not undertake to prescribe methods for enforcing the remedy of injunction in this class of nuisances, and hence the general provisions of the code regulating the granting of injunctions apply. The kind of injunction to be issued at the commencement of such a suit is not stated. The code provides for perpetual and provisional injunctions. Of course, it was not contemplated that a perpetual injunction should be allowed at the commencement of the suit. The provisional injunctions provided for in the code are divided into temporary injunctions and temporary restraining orders. It can hardly be contended that because one of these is designated as a restraining order it is not to be re-

garded as an injunction. The code defines an injunction as "a command to refrain from a particular act. It may be the final judgment in an action, or may be allowed as a provisional remedy, and when so allowed it shall be by order." (Civ. Code, § 237.) There is little, if any, difference between a temporary injunction and a temporary restraining order, except as to duration. (*The State v. Johnston*, 78 Kan. 615.)

What is designated as a temporary injunction may ordinarily be issued at the commencement of the suit, with or without notice, as the court or judge may determine; but as such injunction remains in force until the final hearing, or until it is set aside by the court, it is rarely granted without notice. Then, again, an order allowing or refusing a temporary injunction may be reviewed in the supreme court before the final hearing of the cause, and in that way the life of the order may be greatly extended. Instead of granting an order of such duration or effect the court or judge may require notice to be given to the defendant of the application for a temporary injunction and in the meantime grant a temporary restraining order which shall only remain in force until the time fixed for the hearing upon notice. (Civ. Code, § 240.) After a party has answered a temporary injunction can not be issued except upon notice, but even in that case a temporary restraining order may be issued which will remain in force until the decision of the application for an injunction. (Civ. Code, § 241.) The order so issued is injunctional in character, and has the same efficacy while it is in force as any other injunction. It falls within the statutory definition of an injunction; that is, it is "a command to refrain from a particular act." (Civ. Code, § 237.) It is made to be obeyed, and the disobedience of the same is necessarily contempt.

The temporary restraining order allowed by the

15—80 KAN.

probate judge is more temporary in character than a temporary injunction, but it is as imperative and binding while it is in force as any other injunction, and a violation of the order is as marked a case of contempt as would be the violation of a perpetual injunction. It is suggested that *The State v. Jepson*, 76 Kan. 644, in effect holds that a restraining order may not be issued in this class of cases. In that case it was held that in proceedings of this kind the state is entitled to an order of injunction at the commencement of the action, without notice. No question was raised there as to the character of the temporary order to be issued, and no distinction was drawn between temporary injunctions and temporary restraining orders. It was decided that the judge was not justified in refusing a temporary order because no notice of the application had been given to the defendant. In such a case it is the duty of the judge to grant a provisional injunction when the suit is begun, to be in force until the final hearing, or else an order restraining the parties until the time fixed for hearing upon notice.

The legislature, having brought nuisances under the prohibitory law within the scope of the remedy of injunction without providing specific methods for its enforcement, manifestly intended that the general rules of procedure should control so far as they were applicable. Nothing in the act is inconsistent with the rule providing for the allowance of restraining orders, and when such an order is granted it must be obeyed, and the disobedience of it is punishable as a contempt.

The judgment of the district court is reversed, and the cause remanded for further proceedings.