### *In re* S. O. SHARP, *Petitioner.*
#### No. 18,193.

##### SYLLABUS BY THE COURT.

1. HABEAS CORPUS—*Injunction—Contempt—No Action Begun—No Jurisdiction.* A court or judge has no jurisdiction to grant a temporary injunction until the beginning of a proper action in which such order may be had.

2. ——— *Same.* In this case the order that the petitioner "be and he hereby is restrained and enjoined from in any way interfering with the said plaintiff . . . until the final determination of this action" should have been accompanied or preceded by the issuance of a summons.

3. ——— *Same.* Such an order made on presentation of an application and affidavit therefor when no action has been begun and several days before such application is filed—no summons being issued or præcipe therefor filed and no voluntary appearance being made—is void.

Original proceeding in habeas corpus. Opinion filed June 8, 1912. Writ allowed.

*John Hartzler,* for the petitioner.
*Frank J. Horton,* for the respondent.

The opinion of the court was delivered by

WEST, J.: April 22, 1912, the petitioner filed in this court his application for a writ of habeas corpus, alleging that he was unlawfully imprisoned and restrained of his liberty by Martin T. Wilson, sheriff of Sherman county, and that so far as the applicant knew such sheriff based his authority on a pretended bench war-

rant grounded upon certain proceedings had in the district court of Sherman county consisting of an application for an injunction, an order or temporary injunction and service thereof, an accusation of contempt by violating such order, the bench warrant issued thereon being followed by an apprehension and order of commitment to the county jail. He alleged that no summons was ever issued in the cause, that no petition was filed therein, that the court and judge were without jurisdiction, that any pretended warrant, order or process was null and void, that he never entered voluntary appearance nor authorized any one to appear for him, and that no injunction bond was filed.·

Instead of a return by the respondent as the statute requires we find a so-called answer by counsel for the school district, denying the restraint and referring to the record in certain cases in the district court. A transcript of the record in case No. 2364 shows that on December 4, 1911, the officers of school district No. 9 filed an application for an injunction setting up that the petitioner had contracted to build a schoolhouse for the district for an agreed price, part of which had been paid, and had failed to complete the same according to the contract and refused to allow the district to take possession of the property, and had threatened them with violence if they should undertake to do so; that the district was unable to make settlement with him because he would not comply with the terms of the contract; and praying that he be enjoined from interfering with the district in entering upon the premises, taking possession of the schoolhouse and conducting a school therein, and for such other and further relief as the court might deem equitable and just. This was accompanied by an affidavit of the director of the district. The judge made an order that Sharp "be and he hereby is restrained and enjoined from in any way interfering with the said plaintiff . . . until the final determination of this ac-

tion," reciting that the cause came on to be heard upon the application for an injunction. The sheriff made a return of December 4, also of December 13, that he could not find S. O. Sharp in his county, but receiving it again on the 13th of December served the same on the 15th personally. On February 16,. 1912, there was filed an affidavit of the director of the district to the effect that the petitioner had ever since the 15th of December, 1911, been in open, flagrant and willful disobedience of the order of injunction and praying his arrest. On the same day another affidavit of the same purport made by the same person was filed. April 3, 1912, the issuance of a bench warrant was ordered and the warrant itself was issued on which the petitioner was apprehended on April 5.

April 6 a hearing was begun and on April 8 it was concluded. The petitioner was found guilty of contempt and ordered to yield possession of the schoolhouse and refrain from interfering with its use by the school district and to give bond in the penal sum of $200 to secure his obedience, in default of which he was ordered committed to jail, the time being extended on motion of the petitioner until April 17 for giving the bond, the order further providing that if such bond were not then given a bench warrant should issue for the petitioner's arrest and that he be thereupon confined in jail until he should have complied with the order and have given the bond. April 18 a bench warrant was issued, and executed the same day by apprehending the petitioner and placing him in jail.

It is asserted by counsel for the petitioner that the service of December 15 was made outside the county of Sherman, but we have nothing by way of record or admission to support the claim and hence can not consider it as established, whether material or not.

From the array of files and records supplied it appears that the plaintiff school district filed in the court below no regular petition, but an application setting up

*In re* Sharp.

grounds and praying for an injunction until the further orders of the court and for general relief. This was presented to the judge on December 2 and filed with the clerk December 6 according to the original file mark and on December 4 according to the transcript. No summons was issued, no præcipe therefor was filed, no bond was given, and the order of injunction was made at least two and probably four days before anything bearing the semblance of a petition was filed or any action begun, and there was no appearance. True, the order was upon the third attempt served, but it was a mere order standing alone and not one made in a suit pending. In fact all the statutory requirements were entirely dispensed with except an application and affidavit presented several days in advance of filing and never accompanied by a formal petition, a summons, or a bond. Presumably the judge assumed that there was a suit pending, that the summons had been attended to, with any other necessary preliminaries. The paper entitled "Application for an Injunction. Petition with Affidavit" may be regarded as sufficient to vest the court or judge with jurisdiction if it had been accompanied with or followed by the other necessary requisites. But section 254 of the code provides that "no injunction . . . shall operate, until the party obtaining the same shall give an undertaking." Section 251 provides that "the injunction may be granted at the time of commencing the action," and section 19 fixes the commencement of an action at the date of the summons which is served upon the defendant. These provisions of themselves make it clear that an injunction can not be granted until an action is actually pending, or at its beginning. When a temporary injunction is allowed upon execution of a bond in a given amount to be approved by the clerk, such injunction, if issued without such bond is wholly void. (*The State, ex rel., v. Comm'rs of Rush Co.*, 35 Kan. 150, 10 Pac. 535;

*The State, ex rel., v. Comm'rs of Kearny Co.,* 42 Kan. 739, 22 Pac. 735; *Van Fleet v. Stout,* 44 Kan. 523, 24 Pac. 960.)

In *The State, ex rel., v. Pierce,* 51 Kan. 241, 32 Pac. 924, before the institution of the action a summons was duly issued upon which the words "injunction allowed" were indorsed by the clerk, and the mere fact that this indorsement was not signed by the clerk was held to be no ground for asserting the invalidity of the order of injunction itself. In *The State v. Johnston,* 78 Kan. 615, 97 Pac. 790, it was held that the terms "temporary injunction" and "restraining order," while often used synonymously, are sometimes properly distinguished; that a restraining order is effective only until an application for an injunction shall be heard, and that a temporary injunction is a restraining order effective until the trial of the action in which it is issued; that an order made by a probate judge in the absence of the district judge from the county in an action pending or being begun in the district court, operative until the district court or judge shall act, is a restraining order and not a temporary injunction. It will be observed that here the order was made by the district judge restraining and enjoining the defendant "until the final determination of this action," and we think upon principle as well as upon the authority last cited it should be deemed a temporary injunction rather than a mere restraining order. In *The State v. Werner,* 80 Kan. 222, 101 Pac. 1004, it was held that a restraining order granted in a nuisance case by the probate judge, the district judge being absent from the county, while properly to be regarded as a restraining order was, nevertheless, "a command to refrain from a particular act," bringing it within the code definition of an injunction. (Old Civ. Code, § 237, Gen. Stat. 1901, § 4684, New Civ. Code, § 249.) In the case of *In re Luttgerding,* 83 Kan. 205, 110 Pac. 95, the district court had designated

*In re* Sharp.

and treated an order issued by it as a temporary. restraining order, and it was held that we should likewise regard it.    There a temporary order was issued restraining the defendants until the further order of the court.    Summons and notice of injunction were served and a motion to set aside the former was denied.    In the opinion it was said:

"It was a temporary restraining order which was asked for, and the district court treated and designated the order granted as a temporary restraining order.    The only basis for calling the restraining order a temporary injunction was that no time was fixed to hear the application for a temporary injunction, but this fact alone does not determine the character of the order.    . . .    In the order itself the court in plain terms called it a temporary restraining order, and we think it should be so treated in this collateral attack." (pp. 210, 211.)

"Preliminary or interlocutory injunctions are those granted prior to the final hearing and determination of the trial, and continue until answer or until the final hearing, or until the further order of the court.    . . . Their object is to maintain the *status quo,* to maintain property in its existing condition, to prevent further or impending injury—not to determine the right itself."    (22 Cyc. 740.)

"A restraining order is an order granted to maintain the subject of controversy *in statu quo* until the hearing of an application for a temporary injunction. It may be issued before notice to defendant in order to prevent irreparable injury pending the hearing.    Its purpose is merely to suspend proceedings until there may be an opportunity to inquire whether any injunction should be granted, and it is not intended as an injunction *pendente lite;* hence its duration should be limited to such a reasonable time as may be necessary to notify the adverse party, especially where defendant is likely to be damaged by delay."    (22 Cyc. 745.)

"The injunction provided by this code is a command to do or refrain from doing a particular act."    (Civ. Code, § 249.)

"If the court or judge deem it proper that the de-

fendant or any party to the suit should be heard before granting the injunction, it may direct a reasonable notice, . . . and may in the meantime restrain such party." (Civ. Code, § 252.)

As the order in this case was made by the district judge from two to four days before any action was pending and as no summons was issued the court and judge were without jurisdiction to grant the order, and the mere service of such order alone did not, without the subsequent appearance of the petitioner, give jurisdiction.

The writ is therefore allowed.