No. 23,339.

HANNAH VANN, *Appellee*, v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. LIMITATION OF ACTIONS—*Summons Issued—Not Served on Defendant—Action Barred by Statute of Limitations.* The filing of a petition and the issuance of a summons which was not served upon the defendant, cannot be regarded as the commencement of an action within the meaning of the statute of limitations, and where a judgment was given for plaintiff in such a proceeding on the service made which was reversed on appeal and a dismissal ordered on the ground that the service made was void, a new action brought by plaintiff within one year after the reversal is not within the saving provision of section 22 of the civil code.

2. SAME. The filing of a petition and the issuance of a summons which was served upon another than the defendant or upon one not authorized to receive service, does not interrupt the running of the statute of limitations.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed March 11, 1922. Reversed.

*W. W. Brown, O. T. Atherton,* and *E. L. Burton,* all of Parsons, for the appellant.

*Archie D. Neale,* of Chetopa, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Hannah Vann against the M. K. & T. Railway Company to recover damages for injuries alleged to have been sustained by her while she was a pas-

senger on defendant's train that was derailed through the alleged negligence of the defendant. She recovered a judgment for $3,000, and defendant appeals.

One of defendant's contentions is that plaintiff's action was barred by the statute of limitations. The injuries to plaintiff were sustained on September 12, 1915. She brought an action to recover damages for the injuries on June 3, 1916. Service of the summons then issued was made not upon an officer or agent of the defendant, but upon the agent of a receiver who had obtained possession of the railroad and was operating it. The legality of that service was challenged and held to be invalid upon a former appeal with the result that the action was dismissed. (*Vann v. Railway Co.*, 103 Kan. 857, 176 Pac. 652.) On January 31, 1919, the present action was begun and service obtained upon the defendant. It is contended by plaintiff that the action was brought within time under the provisions of the civil code, section 22, which provides that if an action is commenced in due time and the judgment thereon is reversed or if the plaintiff fail in the action otherwise than upon the merits a new action may be commenced within one year after the reversal or failure, and that this action was brought in less than one year after the disposition of the earlier case in which there was no service upon defendant.

The plaintiff's action is manifestly barred unless the former attempt to commence an action brings it within the saving provision of section 22. She insists that under section 58 of the code which provides that, "a civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon," the action must be deemed to have been commenced when the petition was filed and summons issued in June, 1916, and that as there was a reversal and the case first brought failed otherwise than upon the merits, she is within the provisions of section 22, and that as the new action was brought within one year after the reversal and failure she is not barred by the statute of limitations. The filing of a petition and the issuance of a summons are the preliminary steps by which an action may be commenced, and the defendant brought into court. When these steps are taken the plaintiff may obtain an order of attachment or of arrest, and for these purposes the action may then be treated as commenced. (*Bannister v. Carroll*, 43 Kan. 64, 22 Pac. 1012; *Jones v. Warnick*, 49 Kan. 63, 30 Pac. 115.) These

steps are effectual or nugatory, depending upon the fact that service of summons is subsequently made within the prescribed time and the court actually acquires jurisdiction of the defendant. By the doctrine of relation, the filing of the petition and the issuance of the summons, may mark the commencement of the action. In the Bannister case where this section was considered in connection with other sections of the code, it was said:

".   .   . We think the proper construction to be given to § 57 of the code (§ 58 of the present code) is, that when a petition is filed and a summons served, or the first publication is made within sixty days, such service or first publication relates back to the time of the filing of the petition and praecipe and other necessary papers, and by such relation the suit is to be deemed to have been commenced at the date of their filing." (p. 69.)

The time of filing a petition may be controlling where there is a question as to which of two courts acquires first and paramount jurisdiction in actions brought relating to the same subject matter. The one in which a petition is first filed and a summons issued upon which service is afterwards duly made, will gain paramount jurisdiction as against the other in which the petition is filed at a later time but its summons was first served. However, the earlier filing of the petition and issuance of the summons will be without effect if the summons is not served within the prescribed time. That is illustrated by the case of *C. K. & W. Rld. Co. v. Comm'rs of Chase Co.*, 42 Kan. 223, 21 Pac. 1071, where the petition was filed in and process issued by the supreme court one day earlier than the filing of a petition in and issuance of a summons from the district court of Chase county, but the process from the latter court was first served. On the question of which had gained paramount jurisdiction it was held to be in the supreme court because of the earlier filing of the petition and issuance of the summons, but this precedence can only be given where timely service of the summons is afterwards made. If service is made upon the earlier petition, then by the doctrine of relation the action is deemed to have been commenced when the petition was first filed and summons issued. If no service is made and there is no appearance by the defendant, these preliminary steps will be nullities and cannot be regarded as the commencement of the action. In the case just cited it was said:

"Although actual jurisdiction of a defendant cannot be obtained without service of summons or original process upon him, nor until the service is actually made, yet when the service is actually made the case must then be

considered as having been commenced at the date of the process served upon the defendant; (citing authorities) and, by relation, the date of such process will determine the time from which the right of the court to take jurisdiction to hear and determine the case, must be computed." (p. 227.)

The same rule of relation governs in applying the doctrine of *lis pendens*. When the petition is filed the action is deemed to have been commenced and is pending so as to charge third parties with notice of its pendency with the result that they cannot acquire an interest as against the plaintiff in the subject matter of the suit but such notice will be without effect unless a summons is served or a publication made within sixty days after the petition is filed. If due service is made the action is deemed to be begun and be pending from the filing of the petition, but if no service is made no action is pending and the constructive notice arising from the filing of the petition is unavailing. (Civ. Code, § 86.)

There is another provision to the effect that an injunction may be granted at the time an action is commenced and it has been held that such an action is commenced at the date of the summons which is served upon the defendant. (*In re Sharp*, 87 Kan. 504, 124 Pac. 532.) While section 58 of the code prescribes the initiative steps for commencing an action, other provisions of the code are to be considered in its interpretation, and one that is directly applicable where the statute of limitations is involved is section 19. It provides that—

"An action shall be deemed commenced within the meaning of this article as to each defendant, at the date of the summons which is served on him, or on a codefendant who is a joint contractor, or otherwise united in interest with him," etc.

This provision is specially applicable where a question arises as to whether an action has been commenced within the meaning of the statute of limitations, and that is the question presented in this case. Here no service of the summons was made, no jurisdiction of the defendant was acquired and within the meaning of the code no action was in fact commenced. There was nothing of any validity before the court but the petition and praecipe and these without service of summons did not operate to interrupt the running of the statute of limitations. A service upon one not authorized to receive it does not interrupt the statute. The saving provision of section 22 proceeds on the theory that an action has been actually commenced which has resulted in a judgment that has been reversed

or in which plaintiff has failed otherwise than on the merits. Where the steps first taken do not initiate an action there is nothing to save under section 22, and here the statute continued to run until the bar had fallen. A case very closely in point is *O'Neil v. Eppler*, 99 Kan. 493, 162 Pac. 311. There an action had been brought in good time which went to a judgment but upon appeal it was determined that as there was no service, the judgment was absolutely void. Another action was brought when it was too late, unless it should be held that the first proceeding brought the new action within the saving provision of section 22. In passing upon that question it was said:

"That section has no application here because it appears that no action by Eppler was commenced until long after the limitation period was complete. It is true he filed a bill of particulars, but as no service was obtained no jurisdiction was acquired and, as the trial court held, the attempted action was a mere nullity which did not interrupt the running of the statute of limitations. The filing of a pleading and praecipe is not the commencement of an action and it cannot be regarded as commenced until valid service has been obtained upon the defendant. . . . It is contended that the provision applies because the action brought by Eppler before the justice of the peace failed otherwise than on the merits, but the difficulty with the contention is that an action was never in fact commenced." (p. 495. See cases there cited and also *Brock v. Francis*, 89 Kan. 463, 131 Pac. 1179.)

Under the authorities it must be held that the action taken by plaintiff in the first proceeding was not the commencement of an action within the meaning of the statute of limitations, and that the new action brought by plaintiff was not within the saving provision of section 22 of the civil code.

This determination renders it unnecessary to consider the trial errors assigned. The judgment is reversed and the cause remanded with the direction to enter judgment for defendant.