No. 25,165.

J. W. WAMBERG, *Appellee*, v. ABNER HART, Sheriff, *Appellant*.

SYLLABUS BY THE COURT.

1. INJUNCTION—*Remedy to Prevent Sale of Exempt Personal Property from Execution Sale.* The remedies of replevin and an action for damages are not sufficiently adequate to prevent a debtor whose exempt personal property is about to be sold upon execution from obtaining an injunction against the sale.

2. EXEMPTIONS—*Office Furniture of Real-estate Agent.* The statute exempting from execution "the necessary tools and instruments of any mechanic, miner or other person, used and kept for the purpose of carrying on his trade or business" is broad enough to cover the office furniture of a real-estate agent.

3. INJUNCTIONS—*Chapter 233, Laws of 1913 Concerning Injunctions Construed.* The provisions of the act of 1913 "concerning injunctions in certain cases, and regulating the issuance, terms and conditions of the same" relate wholly to disputes concerning employment, notwithstanding the use of general language, without that limitation, in two of the sections.

4. SAME—*Objections to Restraining Order Not Well Taken.* Objections to a restraining order for irregularities are held not to be well taken.

5. SAME—*Demurrer to Petition Properly Overruled.* Defects in a petition held not to be serious enough to require the sustaining of a demurrer.

6. SAME—*Injunction Bond.* The refusal to order an increase of a bond given upon the granting of a restraining order is held not to have been error.

7. SAME—*Proper Adjustment and Assessment of Damages.* Where personal property has been taken under execution, and by a restraining order issued in an action for injunction and damages, its sale is stayed until a claim of exemption can be passed upon, no right to additional damages arises from the return of the first execution and issuance of a second, and the continued holding of possession by the sheriff.

Appeal from Greeley district court; ROSCOE H. WILSON, judge. Opinion filed December 8, 1923. Affirmed in part and reversed in part.

*W. M. Glenn,* of Tribune, for the appellant.
*W. B. Washington,* of Leoti, for the appellee.

The opinion of the court was delivered by

MASON, J.: A sheriff holding an execution against J. W. Wamberg levied it upon his office furniture which he claimed to be exempt as part of the equipment of his business as a real-estate agent. Wamberg brought this action against the sheriff to enjoin the sale on that ground. On February 5, 1923, the probate judge granted a re-

Wamberg v. Hart.

straining order until the next term of court. The defendant filed a motion to set aside the order and demurrers to the petition, an amended petition, and a supplemental petition and seeks a reversal of the rulings against him by two appeals, which may be considered together.

1. The defendant contends that the plaintiff was not entitled to an injunction because he had an adequate remedy at law either by replevin or by an action for damages. There is much apparent and some real difference of opinion whether those legal remedies are sufficiently adequate to prevent a resort to equity. (23 C. J. 561, 567; 25 C. J. 153; 10 R. C. L. 1256.) In a note on the subject it is said: "where the objection to the injunction is, that there is a remedy by replevin, trover, damages, or the like, the weight of authority is in favor of granting the injunction." (30 L. R. A. 99.) This language used in an analogous situation is pertinent:

"The main ground relied on by the appellant is, that the relief sought should be refused, because the appellee had a plain, adequate and complete remedy at law, to wit, either the action of trespass or replevin. The answer to this is, that the measure of damages in an action of trespass could not have exceeded the value of the property seized, with interest thereon from the date of the seizure; and that the only remedy in an action of replevin would have been limited to a recovery of the property, and damages for its detention, with costs. It does not need argument to show that neither of these actions would afford as complete, prompt and efficient a remedy for the destruction of the business which, with the goods levied upon, constituted the appellee's entire estate and pecuniary resources, as would be furnished by a court of equity in preventing such an injury." (*North v. Peters,* 138 U. S. 271, 281.)

Where personal property which is exempt because used by the debtor in earning a living in his vocation is about to be taken on execution an action of replevin or for damages is obviously not as complete and effective a remedy as the interference of a court of equity to prevent the threatened illegal act. The necessary delay in the actions at law and the difficulty of measuring the damages with exactness are grounds upon which the preventive relief, which secures to the debtor the very right to which he is entitled—the possession and use of the property—is more efficient. The existence of the legal remedies does not necessarily bar the right to resort to equity. Special circumstances may affect the final determination in a particular case, but in the granting of a temporary order—one preserving an existing condition until a full hearing can be had—the trial court is properly given a wide discretion (*Johnson v. Comm'rs*

*of Wilson Co.,* 34 Kan. 670, 688, 9 Pac. 384), and a petition for injunction setting out the claims of the execution defendant in general terms may well be held good against demurrer, leaving the rights of the parties to be finally determined upon a full hearing.

2. The defendant argues that the statute (Gen. Stat. 1915, § 4701) exempting "the necessary tools and instruments of any mechanic, miner or other person, used and kept for the purpose of carrying on his trade or business," does not cover the office furniture of a real-estate agent. We hold that under the liberal rule of construction adopted in such cases it should be given that effect. It has been held to apply to the safe, cabinet and table of an abstracter of titles (*Davidson v. Sechrist,* 28 Kan. 324) and similar clauses are generally construed as applying to office furniture. (Note, 2 A. L. R. 829.)

3. The restraining order is objected to on the ground that it does not state "the reasons for its issuance" as required by section 7149 of the General Statutes of 1915. That section is a part of the act of 1913 "concerning injunctions in certain cases, and regulating the issuance, terms and conditions of the same" and in view of that title and the provisions of the other sections is to be interpreted as relating only to disputes concerning employment.

4. Other objections to the order, none of which is well founded, are: Its signature reads "D. R. Mills, Probate Judge *pro tem.*;" it has no seal attached; the application for it and the supporting affidavit are combined in one document, which sets out the conclusion that the property is exempt without stating the facts making it so; it was issued without notice; and the bond although filed by the clerk was not indorsed with his approval. The generality of the language of the affidavit, and the omission to give notice, were not important in view of the hearing had on the motion to set the order aside.

5. The original petition was demurred to as failing to state sufficient facts and also for misjoinder because of a claim for an attorney's fee being included. The demurrer was overruled, but a demurrer to an amended petition was sustained with respect to the allegations concerning the attorney's fee, so that the matter of misjoinder became immaterial. The demurrer to the amended petition was for want of facts in each of the several causes of action set out, nothing being said as to misjoinder. Some of the paragraphs of the amended petition were designated as separate causes of ac-

tion when they were but portions of the injunction case; others were for damages sustained from the steps already taken. To deny the plaintiff all benefit of the allegations which he mistakenly styled causes of action would be too technical.

The amended petition did not say in so many words that the articles seized were exempt, nor that they were necessary to his business, but said that the defendant levied on the furniture and implements, which were used by him in his business, over his objection that they were exempt. The pleading was defective, but could have left the defendant in no doubt as to the nature of the plaintiff's claim; nor was it rendered demurrable by including some articles not within the exemption.

6. The bond given was for $100. The defendant complains of the court's refusal to require its increase to $700. The execution was for $858 and the property is said to be worth $400 to $500. We cannot say the security was insufficient to cover damages that might result from a mere restraining order.

7. The supplemental petition alleged that the sheriff upon levying the execution referred to left the property in the plaintiff's (the execution defendant's) office, and after the granting of the restraining order and the overruling of the motion to set it aside, made return of the original execution and received another, issued at the instance of the judgment plaintiff, whereupon he removed the property (or all of it except a few articles, which may have been treated as exempt) from the plaintiff's office. Additional damages of $2,000 were asked on this account. We think the demurrer to this pleading should have been sustained. The plaintiff's pleadings treated the property as having been actually levied upon under the first execution and therefore as having been in the possession and control of the sheriff when the second one was issued. They do not allege that the first execution was abandoned. The effect of the second execution was to compel rather than to authorize the sheriff to sell the property, for he could have sold it without a new writ. "In truth, as we shall hereafter show, an officer levying an execution upon personal property is authorized to proceed to the sale thereof, though after the return of the writ; and when a *venditioni exponas* issues commanding such sale, it does not confer additional authority upon the officer, but merely requires him to exercise his authority already existing. Such being the case, the issuing of an alias writ and a sale thereunder of property already levied upon cannot preju-

dice the defendant, and must be regarded as valid, because it would have been so had no alias whatsoever issued." (1 Freeman on Executions, 3d. ed., § 50, p. 231.) It follows that no additional wrong was committed against the plaintiff by the sheriff's removal of the property after the issuance of the second execution, and the claim of further damages on that account was without support.

The judgment is affirmed except as to the overruling of the demurrer to the supplemental petition, which is reversed.