No. 27,850.

R. B. NEWBERN, *Appellant,* v. THE SERVICE PIPE LINE AND MINING COMPANY, THE K-S-N OIL AND GAS COMPANY, and T. G. KLEPPER, *Appellees.*

(267 Pac. 29.)

Opinion filed May 5, 1928.

*H. W. Hart, Glenn Porter* and *Enos E. Hook,* all of Wichita, for the appellant.

*Benjamin F. Hegler, A. V. Roberts* and *Roger P. Almond,* all of Wichita, for the appellees.

The opinion of the court was delivered by

HARVEY, J.:  This is a suit on an injunction bond.  The trial court sustained a demurrer to plaintiff's evidence and he has appealed.

The bond sued on had been given in an action in which the Service Pipe Line and Mining Company and the K-S-N Oil and Gas Company were plaintiffs and R. B. Newbern was defendant.  Plaintiffs claimed to own a certain interest in an oil and gas lease which stood in the name of Newbern.  The action was to establish such ownership in plaintiffs, and, pending the trial of the action on its merits, to restrain and enjoin Newbern from selling or disposing of such interest in the lease.  The action was filed and a temporary restraining order was issued out of the district court, November 18, 1924, which provided that it remain in effect until the further order of the

court. On December 13, on the hearing of defendant's motion to dissolve the restraining order, or to require plaintiffs to give a bond, the court ordered that, by a day named, plaintiffs give a bond "to secure the payment of such damage as the defendant Newbern may sustain by reason of the issuance of the restraining order herein," and that the restraining order be dissolved if the bond were not given. Plaintiffs gave the bond, which they signed as principals, and T. G. Klepper signed as surety. The bond recites that a temporary restraining order had been previously issued; that on the hearing of a motion to dissolve, the temporary order was continued in force on condition that plaintiffs execute a bond in the sum of $2,500 as provided by law. It contained the usual recitals of such a bond, and the obligation stated was that "plaintiffs shall secure and hold harmless the said R. B. Newbern such damages as he may sustain if it shall be finally decided that the restraining order herein ought not to have been granted." The case was tried on the merits in February, 1926, resulting in judgment for defendant and dissolving the restraining order and temporary injunction previously issued.

On the trial of the case at bar evidence with respect to the prior action was introduced. It was also shown that about the middle of November, 1924, the first well on the lease in question was brought in and showed promise of being a good producer, but was not fully tested until about a month later. There was evidence tending to show that Newbern's interest in the lease was of the reasonable value of $10,000, or more, about the time the restraining order was issued; and there was specific evidence that on November 24 Newbern was offered $10,000 for his interest in the lease by a man familiar with the oil business in general, and with this lease and the well thereon in particular, who was ready, able and willing to buy Newbern's interest, and who wanted to buy it because he thought there was a profit in it at that price. Newbern wanted to sell, but could not do so because of the restraining order, and sought to have it set aside so that he might sell, but it was continued on the giving of the bond. The offer to purchase was withdrawn some two or three weeks after it was made. After the original case was tried, Newbern sold his interest in the lease for the best price obtainable, $934.

In sustaining the demurrer to the evidence the trial court expressed the view that the restraining order, prior to the giving of the bond, was a nullity, resulting in no damage to plaintiffs, and

that the bond given bound the bondsmen for prospective damages only and could not be carried back further than December 13, 1924, the date of the order requiring bond to be given. Appellant contends that the trial court was in error on both of the propositions upon which it based its judgment. This contention must be sustained.

In support of the view of the trial court that the restraining order was a nullity prior to the giving of the bond, appellees cite R. S. 60-1105, which provides, in effect, that no restraining order shall issue except on the giving of a bond. This section of the statute is one of the sections of chapter 223 of the Laws of 1913 (R. S. 60-1104 to 60-1107), relating to injunctions in labor cases. It applies only to labor disputes. (*Wamberg v. Hart,* 114 Kan. 906, 221 Pac. 547.) It has no application to the ordinary suit in equity in which injunctive relief is sought. The statute applying to such actions reads as follows:

"If the court or judge deem it proper that the defendant or any party to the suit should be heard before granting the injunction, it may direct a reasonable notice to be given to such party to attend for such purpose at a specified time and place, and may in the meantime restrain such party; and if it appear to the court or judge that a restraining order may result in damage to the party restrained, a bond to secure the payment of such damage may be required before such restraining order shall take effect." (R. S. 60-1108.)

Perhaps the instances are rare in which a court is justified in issuing a restraining order without requiring a bond (*A. T. & S. F. Rld. Co. v. Fletcher,* 35 Kan. 236, 10 Pac. 596), but that the court has authority and jurisdiction to do so under this statute cannot be questioned. In the early stages of equity jurisprudence it was the common practice to issue temporary injunctions without bond, but the injustice of a general practice of that kind was soon recognized; the chancellors began requiring bonds in many cases, so that the inherent power of courts of equity to exact conditions, deposits or bonds from plaintiffs before awarding even a temporary injunction was established and recognized. (32 C. J. 310.) Such is still the rule, except as modified by statute. We have a statute (R. S. 60-1110) which provides that no injunction shall operate unless the party obtaining the same shall give bond. But in this state, and by the statutes above referred to, there is a distinction between a restraining order and a temporary injunction. Generally speaking,

it is said that a restraining order is effective only until an application for an injunction can be heard, and usually only for a short time, while a temporary injunction is effective until the trial of the action in which it is issued. (*State v. Johnston,* 78 Kan. 615, 98 Pac. 216; *State v. Werner,* 80 Kan. 222, 101 Pac. 1004.) Sometimes the effect of the order determines the classification to which it should belong. (*In re Sharp,* 87 Kan. 504, 124 Pac. 532; *City of Emporia v. Telephone Co.,* 90 Kan. 118, 133 Pac. 858.) In this case the restraining order was issued only until there could be a hearing for a temporary injunction, and a date was named for such hearing, the order providing that it should continue in force until the date named, or as soon thereafter as the court could hear it. There can therefore be no reason for holding that the restraining order was a nullity because of the fact that a bond had not been given. A violation of the order could have been punished as contempt. (*State v. Werner,* supra.)

Turning now to the next point—what period of time did the bond cover? That, of necessity, depends largely upon the terms of the bond. It will be noted that the restraining order was issued November 18, 1924, and the effect of the order of December 13 was to continue the restraining order in force until the trial of the case on its merits, in effect transforming it into a temporary injunction. The order required plaintiffs to give a bond to secure the payment of such damage as Newbern "may sustain by reason of the issuance of the restraining order herein," and the bond recited as its obligation that "plaintiffs shall secure and hold harmless the said R. B. Newbern such damages as he may sustain if it shall be finally decided that the restraining order herein ought not to have been granted." The trial resulted in a judgment to the effect that the restraining order ought not to have been granted. It seems clear from the wording of the order requiring a bond, and from the bond itself, that Newbern was indemnified against damages resulting to him from the granting of the restraining order. Naturally these damages could not be ascertained until after it had been determined that the restraining order had been wrongfully issued and the same set aside, for in this case the interest in the lease in controversy might have been worth more after the restraining order was dissolved than when it was issued, in which event Newbern would not have been damaged at all. So, in computing what dam-

ages were indemnified against by this bond, any damages sustained by Newbern from the date the restraining order was issued, November 18, 1924, to the date the restraining order and temporary injunction was finally dissolved in February, 1926, should be considered. Perhaps in this case the fair measure of that would be the difference between the reasonable, fair value of the share or interest in the lease at the time, or soon after the restraining order was issued, and the reasonable, fair value of such interest at the time it was dissolved. There was evidence before the court fairly tending to show these values at the different dates. It is true plaintiff, to establish the value at or about the time the restraining order was issued, relied in part upon an offer he had received for the interest in the property. Ordinarily a mere offer to purchase is not good evidence as to the fair value. (*State v. Nelson,* ante, p. 1.) But the evidence was not objected to for that reason, and here it was inquired into far enough that it tended to show reasonable value.

From what has been said it necessarily follows that the judgment of the court below must be reversed with directions that a new trial be granted.

It is so ordered.