For plaintiffs: Frank H. Bellin.

For defendants: Robinson & Robinson.

Frank W. Wood &
   Smith O. Wood
      vs.                              Eq. No. 9596.
Francis L. McGovern,
   Deputy Sheriff

July 6, 1929.

BAKER, J. Heard on prayer for a preliminary injunction.

The complainants seek to prevent the sale by the respondent, under an execution issued from the District Court, of certain personal property which they claim exempt by reason of being the working tools of a debtor necessary in his usual occupation, according to the provisions of paragraph 2 of Section 5 of Chapter 352 of the General Laws of 1923.

Two questions are raised by the respondent: First, as to whether the personal property in question comes within the meaning of the statute; and, secondly, whether the Court has jurisdiction.

The complainants were automobile mechanics operating a garage. The personal property in question consists of an air compressor with a nozzle, a small lathe, a small and rather obsolete battery charger, a press, and an old automobile used for towing, all of the value of less than $200.

The respondent claims that the word "tools" should be construed to mean "hand tools" and that the articles in question are, in fact, machinery and therefore not with the exemption allowed by the statute.

On this question the decisions of the Courts are very divergent by reason of the fact that the statutes dealing with this subject are differently worded and construed. In many instances the words "implements or ap-

paratus" are added to the word "tools."

In this State, it seems clear to the Court that the tendency has been to give the statute a fairly broad construction for the benefit of the debtor. The matter received early consideration in the case of *Healy* vs. *Bateman*, 2 R. I. 454. The emphasis in that opinion seems to be laid on the phrase "necessary in his usual occupation" rather than on the word "tools." It would appear that the Court gave to the word "tools" a broad meaning, practically including therein the term "implements or apparatus," although not specifically used in the statute. In that case the Court held certain planks, mortar beds and a half hogshead to be exempt within the statute. These articles are certainly not hand tools as the defendant would contend.

Keeping in mind that modern work is carried out more and more by the aid of mechanical assistance, it would seem to the Court that all the articles, except possibly the automobile, come within the meaning of the statute in question, taking into consideration the fact that the complainants are automobile mechanics and the obvious intent of the Court in this State is to give a reasonably comprehensive effect to the statute.

After careful consideration, the Court does not feel that the automobile should be considered as a tool exempt under the section in question. While it was undoubtedly of assistance to the complainants in their work in that it was used to bring damaged automobiles to their garage, it could not properly be termed a tool necessary for the actual work in making the repairs.

In the case of *Eastern Mfg. Co.* vs. *Thomas*, 82 S. Car. 509, an automobile was held not to be exempt.

The respondent further urges that this Court has no jurisdiction. The authorities appear to be by no means uniform in discussing the question as to whether equity can grant relief against exceptions levied on personal property. The weight of authority, however, seems to be that remedies at law, such as by replevin or trover, are on the whole not entirely adequate in dealing with property claimed to be exempt under statutes similar to the one in the case at bar, and the trend of the authorities, therefore, in cases of this type apparently is that it is proper to ask for relief in equity.

*North* vs. *Peters*, 138 U. S. 271;

*Wamberg* vs. *Hart*, 114 Kan. 906;

Vol. 10, R. C. L., page 1255.

The respondent also calls to the Court's attention the fact that in this matter the execution was issued from another Court and that the complainants should first seek relief there.

In connection with this contention, it seems to be held that equity has power to stay an execution issued by another Court if the facts appear to make out a proper case for relief.

Vol. 10 R. C. L., page 1259.

Considering the whole matter and realizing that it is now before the Court not on its merits but on a preliminary injunction only, the Court is of the opinion that it should grant the prayer of the bill for a preliminary injunction in connection with all the personal property involved except the automobile.

For complainant: Arthur L. Conaty.

For respondent: Robinson & Robinson.