No. 28,833.

The State of Kansas, ex rel. William A. Smith, Attorney-general, *Appellee,* v. George Vedder et al., *Appellants.*

(287 Pac. 231.)

Opinion filed May 3, 1930.

*William A. Smith,* attorney-general, *R. O. Mason,* assistant attorney-general, *Charles Hall* and *John Fontron,* both of Hutchinson, for the appellee.

*F. Dumont Smith, Eustace Smith* and *Arthur T. Symns,* all of Hutchinson, for the appellants.

The opinion of the court was delivered by

Jochems, J.: The defendant was adjudged guilty of contempt for violation of a restraining order and sentenced to thirty days in jail and to pay a fine of $100. He appeals.

On June 9, 1928, the assistant county attorney of Reno county filed a petition for an injunction against the defendant Vedder, and D. W. Hills, who was alleged to be the owner of the property described in the petition. The petition charged that the defendant Vedder was maintaining and conducting a liquor nuisance. Upon the filing of the petition a restraining order was issued *ex parte* as prayed.

On the day after the order was served on the defendant Vedder his counsel called the assistant county attorney's attention to the fact that the defendant D. W. Hills was not the owner of the prop-

erty. Thereafter the assistant county attorney made a short investigation and advised counsel for defendant Vedder that he would file an amended petition. This was never done. Relying upon the statement of counsel for the state that an amended petition would be filed, the defendant Vedder did not file any answer. Contempt proceedings were had against Vedder on February 14, 1929, under the original order issued on June 9, 1928.

The defendant contends, first, that he filed no answer due to the understanding that an amended petition was to be filed and that if he had answered and the cause had been set down in the regular way it is possible that on a trial under the facts as they then existed no injunction would have been granted; and second, that the temporary injunction issued herein had lost its force and become inoperative by the lapse of more than a reasonable time.

This court finds no merit in either contention. The understanding relative to filing an amended petition had nothing to do with any change in the proceedings against the defendant. It merely contemplated correction as to the defendant owner of the property. The action could have been brought against the defendant without joining the property owner as a defendant. The understanding between counsel did not go to the extent of suspending or making the temporary injunction inoperative until an amended petition was filed. There was nothing in this understanding which contemplated setting aside the order already served on the defendant Vedder. If a new and different defendant had been brought in it would not have necessitated the issuance of a new order against the defendant Vedder.

Some discussion is advanced by the appellant as to the meaning and effect of a "restraining order" or "temporary injunction." In *Laswell v. Seaton*, 107 Kan. 439, 191 Pac. 266, it was said:

"'Temporary injunction' and 'restraining order' are often used synonymously. . . . The restraint which the order purports to impose, and not the name given to it, determines its true name and character. (*State v. Johnston*, 78 Kan. 615, 97 Pac. 790. See, also, *City of Emporia v. Telephone Co.*, 90 Kan. 118, 133 Pac. 858.)" (p. 442.)

It has become the custom as a matter of practice in Kansas to use the two terms "restraining order" and "temporary injunction" interchangeably. In twenty years of fairly active practice in this state the writer has failed to learn of any difference between the two. If a distinction does exist it is one "without a difference." After all, as pointed out in the Laswell case, *supra*, it is the effect

of the order, not the name given it, which determines its true character.

The order served on the defendant stated that he was restrained and enjoined until further order of the court. He made no effort to dissolve or modify the order. Such an order restraining the maintenance of a common liquor nuisance does not lose its force by the lapse of time even if there is no trial or hearing. Once served it must be obeyed, and the defendant disregarded it at his peril. (See 32 C. J. 373, § 633; also, *State v. Werner,* 80 Kan. 222, 101 Pac. 1004.) Nor does the fact that several terms of court have intervened since its issuance, without any trial or further order with reference thereto, cause the original order to lose its force where it is to remain in effect until the "further order of the court." (*Ex Parte Roper,* 61 Tex. Cr. Rep. 68, 134 S. W. 334.)

The trial court had the right and power to enforce the original order by punishment for contempt.

The judgment is affirmed.